Commonwealth of Pennsylvania, Richland Township *v.* Earl H. Hellerman, Sr. and Prodex, Inc., Appellants.

Argued April 7, 1977, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

*Walton B. Yoder, Jr.,* for appellants.

*Richard A. Rosenberger,* with him *Souder, Rosenberger & Bricker,* for appellee.

OPINION BY JUDGE MENCER, June 8, 1977:

Appellants, Earl H. Hellerman, Sr., and Prodex, Inc., were convicted in summary proceedings of violating certain provisions of the Richland Township Zoning Ordinance of 1972. Richland Township is a part of Bucks County.

Prior to the enactment of the township's zoning ordinance in 1972, appellants used part of a leased lot for their metal fabrication operation. The lot is located on the south side of Cherry Road and extends southward along Nice Street, which is perpendicular to Cherry Road.

Appellant's industrial use became a legal nonconforming use under the 1972 ordinance. The ordinance allows such uses to continue, but it specifies that extension or enlargement of nonconforming uses shall be permitted only by special exception. The ordinance also provides that no use shall produce a strong, dazzling light beyond its lot lines.

There is no doubt that appellants extended or enlarged their nonconforming use without obtaining a special exception. Nor is it contested that the frequent welding operations on the lot created a dazzling light which was visible beyond lot lines. It is therefore not surprising that appellants were convicted of violating the aforementioned provisions of the zoning ordinance after summary proceedings before a district justice and a trial de novo in the common pleas court.

Appellants submit to this Court that the fines imposed for violations of the ordinance provisions are improper. First, they contend that the charge of extending a nonconforming use without following the prescribed procedure should be dismissed. Specifically, they maintain that the court below erred when it found that the prezoning use of the lot was confined to approximately 130 feet of the lot's southward extension along Nice Street, because some evidence tended to establish that appellants' use had extended a few feet further. Appellants do not contest a finding that at the time of their conviction their use extended approximately 250 feet southward along Nice Street.

Appellants' second contention concerns the "dazzling light beyond lot lines" provision. They suggest that the term "dazzling" is unconstitutionally vague and therefore their conviction under this provision cannot stand.

Our review of the decision of the court below, rendered after a trial de novo, is limited to determining whether the court manifestly abused its discretion or committed an error of law. We hold that it did neither.

In considering appellants' first contention, we note that, in a zoning case in which the court takes additional evidence, the court may make its own findings of fact. *See* Section 1010 of the Pennsylvania Munici-

palities Planning Code (MPC).[1]  As the fact-finder, the court must weigh conflicting testimony and judge credibility.  It may reject even uncontradicted testimony which it finds to be lacking in credibility.

In the instant case, credible evidence indicated that, prior to zoning, appellants' use of the lot extended southward along Nice Street to a point between 125 feet and 140 feet from Cherry Road.  Considering the court's prerogatives as fact-finder, we conclude that no error or abuse of discretion is even remotely evident in the court's finding that appellants' prezoning use was confined to approximately 130 feet of the lot's extension along Nice Street.

It is uncontested that at the time of conviction appellants' use of the lot extended about 250 feet southward along Nice Street, a clear extension of the nonconforming use.  Nor do appellants contend that they sought the special exception required by ordinance.  Section 616 of the MPC, 53 P.S. §10616, specifically mandates the imposition of fines on those convicted of violating zoning ordinance provisions.  This is precisely what occurred here.

Appellants' second contention, that a term in the other ordinance provision under which they were convicted is unconstitutionally vague, was not raised by them before the district justice or the court below. They raise it for the first time before this Court.  It has been consistently held that matters not properly raised in, or considered by, the tribunal below cannot be considered on appeal, even though such matters involve constitutional questions.  *See, e.g., Bamash v. Zoning Board of Adjustment*, 11 Pa. Commonwealth Ct. 420, 313 A.2d 370 (1974).  Indeed, the requirement that the trial court be given an opportunity to fully consider and rule on matters before those matters may

---

[1] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §11010, *added* by the Act of June 1, 1972, P.L. 333, §19.

442

be considered by an appellate court is essential to the proper functioning of modern judicial machinery. *See Dilliplaine v. Lehigh Valley Trust Company*, 457 Pa. 255, 322 A.2d 114 (1974). Accordingly, we will not consider whether the "dazzling light beyond lot lines" provision is impermissively vague.

Order affirmed.

## ORDER

AND Now, this 8th day of June, 1977, the order of the Court of Common Pleas of Bucks County in the above captioned matter is hereby affirmed.