Clifford Amos, Appellant *v.* Commonwealth of Pennsylvania ex rel. Borough of Waynesburg, Appellee.

548

Argued May 11, 1979, before Judges BLATT, DI-SALLE and MACPHAIL, sitting as a panel of three.

*Anthony J. Seneca,* with him *Seneca & O'Dell, P.C.,* for appellant.

*Charles J. Morris,* with him *Pollock, Pollock & Thomas,* for appellee.

PER CURIAM OPINION, July 31, 1979:
Clifford Amos appeals from the order of the Court of Common Pleas of Greene County which found him

guilty of violating Ordinance 729.02[1] of the Borough of Waynesburg (Borough). Amos raises three questions on appeal: (1) whether the ordinance is unconstitutional in that it seeks to declare certain activities as nuisances per se; (2) whether the Borough is obliged to prove *beyond a reasonable doubt* that Amos maintained a nuisance in fact on his property; and (3) whether the ordinance is unconstitutionally vague.

With regard to the first two related issues, it is apparent, as the Borough stresses in its brief, that neither was raised by Amos before the lower court.[2]

It has been consistently held that matters not properly raised in, or considered by, the tribunal below cannot be considered on appeal, even

---

[1] This ordinance provides as follows:
STORING CERTAIN MATERIALS DECLARED A NUISANCE AND PROHIBITED.

It is hereby declared a nuisance and no person shall store, place or allow to remain any used building materials, motor vehicles in an inoperative condition, motor vehicles unfit for further use, automobile parts, scrap metal, refuse, rubbage or garbage on any lot or parcel of land, within the corporate limits of the Borough except as provided in Article 951.

Subsections (c) and (f) of Ordinance 729.01, which define key terms used in Ordinance 729.02, provide as follows:

(e) 'Motor vehicle in an inoperative condition' means any motor vehicle used or useful for the conveyance of persons or property which is unable to move under its own power due to defective or missing parts, and which has remained in that condition for a period of not less than ten consecutive days.

(f) 'Motor vehicle unfit for further use' means any style or type of motor vehicle used for the conveyance of persons or property, which is in a dangerous condition, has defective or missing parts or is in such a condition generally as to be unfit for further use as a conveyance.

[2] In the proceedings below, the only constitutional argument made was to the *application* of the ordinance. No question was raised regarding its facial validity.

though such matters involve constitutional questions. Indeed, the requirement that the trial court be given an opportunity to fully consider and rule on matters before those matters may be considered by an appellate court is essential to the proper functioning of modern judicial machinery.

*Richland Township v. Hellerman,* 30 Pa. Commonwealth Ct. 438, 441-42, 373 A.2d 1367, 1369 (1977) (citation omitted.) Accordingly, we will not consider either question.

Turning to the final issue, Amos contends that the ordinance is so unclear that it should be declared void. As has been stated elsewhere, a legislative enactment, including a local ordinance, will be deemed invalid "only if it is so vague and indefinite that courts are unable to determine with any reasonable degree of certainty the intent of the legislative body or so incomplete, conflicting and inconsistent in its provisions that it cannot be executed." *McCoy v. Lincoln Intermediate Unit No. 12,* 38 Pa. Commonwealth Ct. 29, 36, 391 A.2d 1119, 1123 (1978). Amos points to comments made by the lower court at the hearing which would seem to suggest some concern about what constitutes an "inoperative car" within the meaning of the ordinance.

Having carefully reviewed Ordinance 729.02 and the record in this matter, we do not believe the ordinance is so vague as to warrant its being invalidated. Nor do we perceive that the lower court was uncertain as to what the ordinance sought to abate. Rather, the court's concern related to the *factual* question of when a junk car becomes an antique. This concern was motivated by the fact that Amos testified that he had restored other vehicles and that he was intent upon restoring at least one of the vehicles in question to antique car status. In any event, we do not believe that the ordinance is unconstitutionally vague, nor that it

was improperly applied, and therefore will affirm the court below.

PER CURIAM ORDER

AND NOW, this 31st day of July, 1979, the order of the Court of Common Pleas of Greene County dated November 17, 1978, is hereby affirmed.