Commonwealth of Pennsylvania, Department of Transportation, Appellant *v.* James S. Jaffe, Appellee.

Argued February 3, 1982, before Judges MENCER, ROGERS and WILLIAMS, JR., sitting as a panel of three.

*Harold H. Cramer*, Assistant Counsel, with him *Ward T. Williams*, Chief Counsel of Transportation, and *Jay C. Waldman*, General Counsel, for appellant.

No appearance for appellee.

OPINION BY JUDGE MENCER, April 1, 1982:

The Commonwealth of Pennsylvania's Department of Transportation appeals an order of the Court of Common Pleas of Philadelphia County which sustained an appeal of James S. Jaffe (Jaffe) from the suspension of his motor vehicle operating privilege. We reverse.

This is a point-system case with a simple issue. The issue here is whether or not the Department assigned points to the point record of Jaffe within six months of the date of conviction for a stop-sign offense for which he was cited on July 30, 1977, as required by Section 1535(c) of the Vehicle Code, 75 Pa. C. S. §1535(c).

The lower court concluded that Section 1535(c) of the Vehicle Code had not been complied with and, for this reason only, sustained Jaffe's appeal and set aside the suspension order of March 6, 1979.[1] Section 1535(c) provides that "[t]he department shall

---

[1] Jaffe's motor vehicle operating privilege was suspended on March 6, 1979 for a period of 110 days and was suspended on March 19, 1979 for a period of 15 days. Jaffe appealed both suspensions to the lower court, which set aside his March 6, 1979 suspension. However, the validity of both suspensions depends upon the Department's compliance with Section 1535(c) relative to assigning points to Jaffe's certification statement record incident to his stop-sign citation of July 30, 1977.

assign points to the record of any person within six months from the date of a conviction. Any points assigned after such six-month period shall be null and void.''

The offense central to the instant case occurred on July 30, 1977, when Jaffe was cited for a stop-sign violation. The date of conviction is agreed upon by the Department and the lower court as August 9, 1978, when Jaffe paid the fine and his guilt relative to the offense was determined. The crucial question becomes: When were the consequential three points assigned to Jaffe's record? The lower court concluded that it was on February 14, 1979 and not within six months of the August 9, 1978 conviction date. The Department contends the assignment of the three points was made on January 2, 1979 and well within the six-month period provided for by Section 1535(c).

The lower court's conclusion was based on the following reasoning. On February 14, 1979, Jaffe appeared before a Department of Transportation hearing examiner, and it was at the completion of that hearing that the assignment of the three points in question was made to Jaffe's record. Upon examination of Jaffe's Point Violations Certification Statement, we can readily understand the lower court's basis for deciding that three points were assigned on February 14, 1979, since that statement contains an entry as follows: ''Hearing 2-14-79   3 points''.

However, the hearing referred to was a departmental hearing required by Section 1538(b) of the Vehicle Code, 75 Pa. C. S. §1538(b),[2] because Jaffe's

[2] Section 1538(b) reads, inter alia, as follows: ''When any person's record has been reduced below six points and for the second time shows as many as six points, the department shall require the person to attend a departmental hearing.''

point record reached six points for a second time. As a matter of law, a departmental hearing could not have been held until after the three points in question here had been assigned which resulted in Jaffe's point record reaching six points for a second time. The Department's exhibit No. 4, which was the official notice of the Department relative to the hearing scheduled for February 14, 1979, shows the point assignment date to be January 2, 1979. This is ascertained by reading the operator's reference number which appears at the upper right portion of the official notice and, in reference to the Department's exhibit No. 4 in this case, was 79-002, or the second day of 1979. *See Chappell v. Commonwealth,* 59 Pa. Commonwealth Ct. 504, 430 A.2d 377 (1981).

As we stated in *Department of Transportation, Bureau of Traffic Safety v. Gibboney,* 51 Pa. Commonwealth Ct. 221, 224, 414 A.2d 408, 410 (1980):

> Under the points provisions of the Vehicle Code, points are 'assessed' and 'assigned.' Section 1535(a), for example, requires that points be *assessed* as of the date of the violation. Section 1535(c), on the other hand, requires that points be *assigned* 'to the record of any person within six months from the date of a conviction.' Accordingly, within six months of the conviction the Bureau must *assign* the points, at which time they *show* on the operator's record. (Emphasis in original.)

Thus, it becomes quite clear that the Department cannot require a person to attend a departmental hearing until the person's record shows an accumulation of six points for a second time. Contrary to the lower court's conclusion, points are not assigned at departmental hearings. Those hearings are held as the result of point accumulations that have already been assigned.

In the instant case, the points were assigned on January 2, 1979, which assignment generated the hearing notice of January 29, 1979. Both of these events were within the six-month time limitation of Section 1535(c), when measured from the conviction date of August 9, 1978. Accordingly, the lower court erred when it determined that the three points in question were not assigned within the allowable six-month period.

Order reversed.

### ORDER

AND Now, this 1st day of April, 1982, the order of the Court of Common Pleas of Philadelphia County, dated August 23, 1979, setting aside the Department of Transportation's order of March 6, 1979, suspending the motor vehicle operating privilege of Thomas S. Jaffe, is hereby reversed, and said order of the Department of Transportation is reinstated.