Elaine Green, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Argued March 4, 1982, before President Judge CRUMLISH and Judges ROGERS and BLATT, sitting as a panel of three.

*Mark A. Peleak, Winkler, Danoff and Lubin,* for appellant.

*Harold H. Cramer,* Assistant Counsel, with him *Ward T. Williams,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellee.

OPINION BY JUDGE BLATT, June 3, 1982:

Elaine Green (appellant) appeals an order of the Court of Common Pleas of Luzerne County which affirmed a determination by the Department of Transportation (DOT) suspending her motor vehicle operating privileges for 140 days.

The following facts were stipulated to by the parties below:

1. On May 16, 1979, the appellant was convicted of "following too closely" and assigned three points, bringing her point accumulation to eight

points and resulting in her accumulation of over six points for a third time.

2. On September 1, 1979, the appellant was convicted of speeding and assigned another three points, bringing her point total up to 11 points. On September 10, 1979, defendant paid her fine and costs for said violation.

3. On September 10, 1979, the appellant was notified to appear at a DOT hearing on September 25, 1979, because of her conviction of following too closely and her accumulation of eight points.

4. On September 25, 1979, a DOT hearing was held before a representative of DOT.

5. On October 23, 1979, the appellant was notified that as a result of her DOT hearing, her driver's license was suspended for 30 days effective November 27, 1979.

6. On November 9, 1979, Green was notified that as a result of her speeding conviction on September 1, 1979, and her final accumulation of eleven points, her driver's license would be suspended for an additional 110 days effective December 27, 1979.

The appellant initially argues that DOT abused its discretion by suspending her operating privileges for 30 days pursuant to Section 1538(c) of the Vehicle Code, 75 Pa. C. S. §1538(c),[1] *before* acting upon

---

[1] Section 1538(c) of the Code provides in pertinent part as follows:

(c) Subsequent accumulations of six points.—When any person's record has been reduced below six points and for the third or subsequent time shows as many as six points, the department shall require the driver to attend a departmental hearing to determine whether the person's operating privilege should be suspended for a period not to exceed 30 days. . . .

her 11-point accumulation and further suspending her privileges under Section 1539 of the Code, 75 Pa. C. S. §1539,[2] which provides for a longer suspension period (110 days) for a second suspension.

We believe, however, that there is nothing in the Code which would prevent DOT, in this situation, from imposing a suspension under Section 1538(c) before awarding an additional suspension pursuant to Section 1539. Moreover, we have recognized that DOT, pursuant to its broad discretion in administering the Code, may choose, during the six-month period[3] following the date of conviction in which points must be assigned, *when* to assign points or to proceed otherwise under the Code against an operator, even though different periods of suspension could conceivably result depending on the date of DOT's action. *See generally Shuman v. Commonwealth,* 54 Pa. Commonwealth Ct. 30, 419 A.2d 810 (1980); *Darr v. Commonwealth,* 53 Pa. Commonwealth Ct. 490, 418 A.2d 794 (1980); *Department of Transportation Bureau of Traffic Safety v. Gibboney,* 51 Pa. Commonwealth Ct.

---

[2] Section 1539 of the Code, in pertinent part, provides:

(a) General rule.—When any person's record shows an accumulation of 11 points or more, the department *shall* suspend the operating privilege of the person as provided in subsection (b).

(b) Duration of suspension.—The first suspension shall be for a period of 5 days for each point, *the second suspension shall be for a period of 10 days for each point.* . . .

(c) Determination of subsequent suspensions.—*Every suspension and revocation under any provision of this subchapter shall be counted in determining whether a suspension is a second,* third or subsequent suspension. . . .

(d) Section not exclusive.—*Suspension under this section is in addition* to any suspension mandated under section 1535. . . . (Emphasis added.)

[3] *See* Section 1535(c) of the Code, 75 Pa. C. S. §1535(c).

221, 414 A.2d 408 (1980). We would, therefore, agree with the lower court's conclusion that:

> Under the circumstances here presented, the two periods of suspension were proper and warranted. The limited period of administrative delay between the conviction for the September 1, 1979, speeding violation and the awarding of the suspension for the eleven point accumulation was within the bounds of acceptable administrative action. Certainly the delay was neither unreasonable nor legally prejudicial to the rights of Green [the appellant]. (Citations omitted.)

The appellant next argues that DOT has acted contrary to the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution. DOT, however, asserts that this issue was not properly raised before the court below.

It is axiomatic " 'that matters not properly raised in, or considered by, the tribunal below cannot be considered on appeal, even though such matters involve constitutional questions.' " *Amos v. Commonwealth ex rel. Borough of Waynesburg,* 44 Pa. Commonwealth Ct. 547, 549-50, 404 A.2d 743, 744 (1979) (quoting *Richland Township v. Hellerman,* 30 Pa. Commonwealth Ct. 438, 441, 373 A.2d 1367, 1369 (1977) (citation omitted)). Here, our close examination of the record discloses, as DOT argues, that the appellant did not raise the constitutional issue in its petition or in its statement of the issues involved before the court below.[4] The only mention of equal protection

---

[4] DOT argues, and we agree, that there is nothing in the record which evinces that the appellant notified the Attorney General of his constitutional challenge of a Commonwealth statute as required by Pa. R.C.P. No. 235 and Pa. R.A.P. 521, or the Court Administrator, as required by Pa. R.A.P. 522.

46

below was in one short paragraph in the appellant's brief submitted there, and it is unclear whether such reference was to the denial of equal protection to this appellant or the denial of equal protection to the public. At oral argument below, however, the appellant's counsel stated that "I've argued in this memorandum that I think [the Code] would deprive *other* drivers of equal protection." (Emphasis added.) Clearly, the appellant lacks standing to argue on the behalf of other drivers, and we do not believe that such a contention would qualify as a means of properly preserving the appellant's constitutional challenge of the Code for our review. We are unable, therefore, to consider this constitutional claim. *Amos; Hellerman.*

Finding no error of law or abuse of discretion, we will affirm the order of the court below.

### ORDER

AND Now, this 3rd day of June, 1982, the order of the Court of Common Pleas of Luzerne County in the above-captioned matter is hereby affirmed.

Judge MENCER did not participate in the decision in this case.