Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* Robert Daniel Lynch, Appellee.

Submitted on briefs January 31, 1983, to Judges ROGERS, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Harold H. Cramer,* Assistant Counsel, with him *Ward T. Williams,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellant.

*Gary P. Caruso, Bialon, Caruso & Victoria,* for appellee.

OPINION BY JUDGE WILLIAMS, JR., September 15, 1983:

This is an appeal by the Department of Transportation (DOT) from an order of the Court of Common Pleas of Fayette County. That court sustained the

appeal of Robert Daniel Lynch (appellee) from the suspension of his motor vehicle operating privileges for a period of fifteen days.

The appellee was issued a citation for speeding on February 12, 1980. On February 25, 1980, he was convicted for this traffic violation, resulting in the accumulation of more than six points on his driving record for the second time. After a departmental hearing, the appellee was notified, on September 19, 1980, that his driving privileges were being suspended for fifteen days.

The suspension at issue in this case was imposed pursuant to Section 1538(b) of the Vehicle Code (Code).[1] This Section provides in pertinent part:

(1) When any person's record has been reduced below six points and for the second time shows as many as six points, the department shall require the person to attend a departmental hearing. The hearing examiner may recommend one or more of the following:

(i) That the person be required to attend a driver improvement school.

(ii) That the person undergo an examination as provided for in section 1508 (relating to examination of applicant for driver's license).

(iii) That the person's driver's license be suspended for a period not exceeding 15 days.

Under the above-quoted statutory provision, a fifteen-day suspension is merely one alternative available to the hearing examiner as a sanction for the second accumulation of six points or more by a driver. Such a suspension is not required, but is left to the discretion of the hearing examiner. When a driver's

[1] 75 Pa. C. S. §1538(b).

record shows an accumulation of eleven or more points, however, Section 1539 of the Code[2] mandates the automatic suspension of such person's operating privileges. No hearing is held prior to the suspension, and no alternative sanctions are available under that Section.

With respect to notification of a suspension due to accumulated points, Section 1551 of the Code[3] states:

The department shall promptly notify each person whose license or permit is suspended *as a result of the accumulation of points. The notification that the license or permit is suspended shall be made within six months following the conviction of a violation of this title that resulted in the addition of sufficient points to cause the suspension.* Failure of the department to give prompt notice of suspension as required by this section shall prohibit the department from suspending the license or permit of such person. (Emphasis added.)

In the instant matter, the appellee was convicted of the violation resulting in a second accumulation of more than six points on February 25, 1980. He was not notified of the fifteen-day suspension of his license until September 19, 1980, almost seven months after that conviction. The court below, relying on Section 1551, determined that appellee's license was suspended "as a result of the accumulation of points," and concluded that, since DOT did not comply with the six-month notice provision of that Section, the suspension of appellee's license was prohibited.

On appeal to this Court, DOT maintains, as it did below, that the six-month notice provision of Section

---

2 75 Pa. C. S. §1539.

3 75 Pa. C. S. §1551, *as amended.*

1551 applies only to mandatory suspensions for the accumulation of eleven or more points under Section 1539, and is inapplicable to discretionary suspensions imposed under Section 1538(b) of the Code. For the following reasons, we agree.

Admittedly, a literal reading of Section 1551 might lead to the conclusion reached by the court below. A suspension under Section 1538(b) of the Code, while imposed as an alternative sanction following a departmental hearing, is nonetheless imposed ''as a result of the accumulation of points,'' in that a second accumulation of six or more points is the *sine qua non* of such a suspension. In interpreting the Code, however, we must presume that the General Assembly did not intend a result which is absurd or unreasonable. The Statutory Construction Act of 1972, 1 Pa. C. S. §1922(1).

Section 1535(c) of the Code[4] provides that ''[t]he department shall assign points to the record of any person *within six months from the date of conviction. Any points assigned after such six-month period shall be null and void*'' (emphasis added). Pursuant to its broad discretion in administering the Code, DOT may choose, during the six-month period following the date of conviction in which points must be assigned, *when* to assign the points. *See Green v. Commonwealth,* 67 Pa. Commonwealth Ct. 41, 445 A.2d 1341 (1982). Furthermore, as a matter of law, the departmental hearing required by Section 1538(b) of the Code cannot be held until *after the points resulting in a second accumulation of six or more points have been assigned to a driver's record. Department of Transportation v. Jaffe,* 65 Pa. Commonwealth Ct. 594, 442 A.2d 1253 (1982). Concomitantly, a fifteen-day suspension un-

---

[4] 75 Pa. C. S. §1535(c).

der Section 1538(b) cannot be imposed until after a departmental hearing is held.

To construe the six-month notice provision of Section 1551 as applicable to discretionary suspensions imposed under Section 1538(b) would produce a result which is absurd and unreasonable. Following a conviction resulting in a second accumulation of six or more points, DOT would be permitted to choose, within the six-month period following the conviction, when to assign those points to a person's driving record under Section 1535(c). Pursuant to Sections 1535(c), 1538(b), and 1551, however, DOT would be required to assign the points to the record, hold a hearing, *and* notify a driver of a discretionary suspension *within the same six-month period*. Thus, DOT would be *required* to either assign the points to a persons's record in a period *less than six months,* contrary to the provisions of Section 1535(c), or otherwise be precluded from imposing the sanction of a fifteen-day license suspension under Section 1538(b). In effect, either the six-month period for assigning the points resulting in a second accumulation of six or more points would be shortened, and thereby abrogated, or a suspension would be unavailable as a sanction under Section 1538(b).

In contrast, the application of the six-month notice requirement of Section 1551 to license suspensions under Section 1539 is entirely reasonable. When a person's record shows an accumulation of eleven or more points, his operating privileges *must* be suspended by DOT according to the provisions of Section 1539. A suspension under this Section is automatic, and once the points sufficient to cause the suspension are assigned to a person's record, all that is required is the mailing of a suspension notice. Clear-

ly, both the assignment of the points and the notification of suspension can easily be made within six months from the date of the relevant conviction.

Accordingly, we hold that the six-month notice provision of Section 1551 is inapplicable to discretionary suspensions imposed under Section 1538(b) of the Vehicle Code. The order of the court below is therefore reversed.

ORDER

AND Now, the 15th day of September, 1983, the order of the Court of Common Pleas of Fayette County in the above-captioned matter is hereby reversed.