Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* Jack E. Lewis, Appellee.

Argued October 7, 1982, before Judges ROGERS, WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*Harold H. Cramer,* Assistant Counsel, with him *Ward T. Williams,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellant.

*P. Louis DeRose, Scales, DeRose and Murray,* for appellee.

OPINION BY JUDGE ROGERS, October 24, 1983:

This is an appeal by the Pennsylvania Department of Transportation (DOT) from a decision and order of the Court of Common Pleas of Westmoreland County reversing the Department's suspension of Jack E. Lewis' (appellee) driver's license. We reverse.

The appellee was cited for speeding on March 5, 1980, and convicted of that offense on March 24. On July 21, 1980, as per Section 1535 of the Vehicle Code (Code), 75 Pa. C. S. §1535, three points were assessed to the appellee for this violation. The addition of these three points brought the appellee's accumulated point total to seven, and, as this was the third time he had registered a point level of at least six, an administrative hearing was mandated under Section 1538(c) of the Code, 75 Pa. C. S. §1538(c). Notice of this hearing was sent to the appellee on August 25, 1980, and the hearing itself was held on September 8, 1980. As a result of this hearing the appellee was notified by the DOT by notice dated October 14, 1980, that his driver's license was to be suspended for a period of thirty days. The appellee appealed this suspension to the court of common pleas which sustained the appeal

on June 18, 1981, holding that because the notice of suspension was not issued within six months of the date of conviction, the suspension failed to comply with the requirement of Section 1551 of the Code, 75 Pa. C. S. §1551, that "notification that the license or permit is suspended shall be made within six months following the conviction of a violation ... that resulted in the addition of sufficient points to cause the suspension."[1]

On appeal to this Court, DOT maintains as it did below, that the six-month notice provision of Section 1551 applies only to mandatory suspensions for the accumulation of eleven or more points under Section 1539, and is inapplicable to discretionary suspensions imposed under Section 1538(c) of the Code. For the following reasons, we agree.

Admittedly, a literal reading of Section 1551 might lead to the conclusion reached by the court below. A suspension under Section 1538(c) of the Code, while imposed following a departmental hearing, is nonetheless imposed "as a result of the accumulation of points," in that a third accumulation of six or more points is the *sine qua non* of such a suspension. In interpreting the Code, however, we must presume that the General Assembly did not intend a result which is absurd or unreasonable. The Statutory Construction Act of 1972, 1 Pa. C. S. §1911(1).

Section 1535(c), of the Code 75 Pa. C. S. §1535(c), provides that "[t]he department shall assign points to the record of any person *within six months from the date of a conviction.* Any points assigned after

---

[1] The balance of this opinion is a faithful paraphrase of portions of the opinion of Judge WILLIAMS in *Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant v. Robert Daniel Lynch,* 77 Pa. Commonwealth Ct. 185,

such six-month period shall be null and void." (Emphasis added.)  Pursuant to its broad discretion in administering the Code, DOT may choose, during the six-month period following the date of conviction in which points must be assigned, *when* to assign the points. *See Green v. Commonwealth,* 67 Pa. Commonwealth Ct. 41, 445 A.2d 1341 (1982).  Furthermore, as a matter of law, the departmental hearing required by Section 1538(c) of the Code cannot be held until *after the points resulting in a third accumulation of six or more points have been assigned to a driver's record. Department of Transportation v. Jaffe,* 65 Pa. Commonwealth Ct. 594, 442 A.2d 1253 (1982).  Concomitantly, a suspension under Section 1538(c) cannot be imposed until after a departmental hearing is held.

To construe the six-month notice provision of Section 1551 as applicable to discretionary suspensions imposed under Section 1538(c) would produce a result which is absurd and unreasonable.  Following a conviction resulting in a third accumulation of six or more points, DOT would be permitted to choose, within the six-month period following the conviction, when to assign those points to a person's driving record under Section 1535(c).  Pursuant to Sections 1535(c), 1538(c), and 1551, however, DOT would be required to assign the points to the record, hold a hearing, *and* notify a driver of a discretionary suspension *within the same six-month period.*  Thus, DOT would be *required* to either assign the points to a person's record in a period *less than six months,* contrary to the provisions of Section 1535(c), or otherwise be precluded from imposing the sanction of a suspension under Section 1538(c).  In effect, either the six-month period for assigning the points resulting in a third accumulation of six or more points would be shortened,

and thereby abrogated, or a suspension would be unavailable as a sanction under Section 1538(c).

In contrast, the application of the six-month notice requirement of Section 1551 to license suspensions under Section 1539 is entirely reasonable. When a person's record shows an accumulation of eleven or more points, his operating privileges *must* be suspended by DOT according to the provisions of Section 1539. A suspension under this Section is automatic, and once the points sufficient to cause the suspension are assigned to a person's record, all that is required is the mailing of a suspension notice. Clearly, both the assignment of the points and the notification of suspension can easily be made within six months from the date of the relevant conviction.

Accordingly, we hold that the six-month notice provision of Section 1551 is inapplicable to discretionary suspensions imposed under Section 1538(c) of the Code.

Order reversed; DOT's order is reinstated.

## ORDER

AND Now, this 24th day of October, 1983, the order of the Court of Common Pleas of Westmoreland County in the above-captioned matter is reversed; and the Department of Transportation's order of suspension is reinstated.

---

DISSENTING OPINION BY JUDGE DOYLE:

I would affirm the opinion of the trial court and respectfully dissent from the majority opinion. Section 1551 of the Code, 75 Pa. C. S. §1551 is applicable to a suspension as the result of any assessment of points regardless of whether they are counted toward the eleven point provisions under Section 1539

34

or under the six point provisions of Section 1538(c) of the Code. Furthermore, the majority's statement that DOT would be required to assign the points to a person's record in a period less than six months, *contrary* to the provisions of Section 1535(c), is simply illogical. If DOT must assign points *within* six months from the date of conviction, that is a fortiori, *less than* six months from the date of the conviction. It is not *contrary* to the provisions of Section 1535(c); it is exactly what that section of the Code dictates. I believe we are bound to accept the clear meaning of Section 1551, and if seemingly harsh on DOT, any change should be left to the legislature.