553 A.2d 533

Steven John Staib, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellee.

Submitted on briefs October 11, 1988, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Joseph R. Musto*, for appellant.

*Christopher J. Clements*, Assistant Counsel, with him, *Harold H. Cramer*, Assistant Chief Counsel, and *John L. Heaton*, Chief Counsel, for appellee.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., February 10, 1989:

Steven Staib appeals a Lycoming County Common Pleas Court order upholding the Department of Transportation's (DOT) decision to suspend Staib's license for 120 days. Section 1539 of the Vehicle Code (Code), 75 Pa. C. S. §1539(b). We affirm.

Staib admitted to the following Code violations stemming from his attempt to outrun a police officer: (1) fleeing from a police officer, 75 Pa. C. S. §3733, for which a six-month suspension is mandated by 75 Pa. C. S.

§1532(b)(1); (2) reckless driving, 75 Pa. C. S. §3714 (three points); and (3) three stop sign violations, 75 Pa. C. S. §3323 (total of nine points). As a result, Staib was notified of his suspension after having accumulated twelve points and a prior suspension.

Section 1539(a) of the Code provides that a motorist's license shall be suspended if the motorist accumulates eleven points or more. Under Section 1539(b) of the Code, the suspension period is doubled to ten days per point for, a motorist's "second suspension," 75 Pa. C. S. §1539(b).

Staib did not contest the violations before the common pleas court, nor does he contest them here. However, he maintains that his license was never suspended prior to the incident. He argues that DOT imposed the "second suspension" penalty merely because the fleeing a police officer violation was processed before the reckless driving and stop sign violations. Therefore, he contends that he is not in the class of drivers DOT sought to punish by imposing this penalty.

We reject this argument. DOT's burden before the common pleas court was merely to prove the accumulation of eleven points and a prior suspension. *Department of Transportation, Bureau of Traffic Safety v. Stiver*, 100 Pa. Commonwealth Ct. 573, 515 A.2d 99 (1986).

There is no dispute that Staib accumulated twelve points. Thus, the sole issue is where an incident leads to multiple violations, and where one conviction carries the penalty of suspension, whether the resulting suspension should be imposed as a "second offense" suspension.

This Court has faced similar issues. In *Green v. Commonwealth*, 67 Pa. Commonwealth Ct. 41, 445 A.2d 1341 (1982), we held that DOT did not have to process multiple violations in the order that would impose the smallest suspension. Moreover, in *Brewster v. Common-*

*wealth,* 52 Pa. Commonwealth Ct. 112, 415 A.2d 922 (1980), we held that a motorist cited for multiple Code violations stemming from a single episode was subject to be classified as a "habitual offender."

Here, in processing multiple violations which were the result of a serious offense (fleeing a police officer), DOT initially suspended Staib's license for his attempted flight, and then suspended it for the accumulation of points. DOT met its burden by proving a suspension and the subsequent accumulation of twelve points. Therefore, we affirm the common pleas court order.

## ORDER

The order of the Lycoming County Common Pleas Court, No. 87-01699 dated April 13, 1988, is affirmed.