IN THE COMMONWEALTH COURT OF PENNSYLVANIA

J. Larry Moyer,                          :
                            Appellant    :
                                         :
        v.                               :  No. 587 C.D. 2019
                                         :  SUBMITTED:  September 4, 2020
PPL Electric Utilities Corporation       :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                          FILED:  October 23, 2020

        J. Larry Moyer (Moyer), *pro se*, appeals from an April 3, 2019 order of the
Schuylkill County Court of Common Pleas (trial court) dismissing his civil
complaint against PPL Electric Utilities Corporation (PPL).   We previously
remanded this matter to the trial court for a determination of whether Moyer's appeal
was timely.  On remand, the trial court concluded the appeal was untimely.  We find
that conclusion was in error.  However, after thorough review, we affirm the trial
court's order dismissing Moyer's complaint and precluding him from filing future
civil complaints regarding the same subject matter without leave of court.

## I. Background

        This matter is the most recent in a series of actions by Moyer against PPL.  In
each proceeding, Moyer has sought virtual aggregation of the electric meters for his
solar array and residence.  He has also contended that PPL is not paying the full

amount owed to him for electric power generated by his solar array, which PPL purchases from him under the Alternative Energy Portfolio Standards Act.[1]

Prior to filing this action in the trial court, Moyer filed multiple complaints with the Public Utility Commission (PUC), seeking the same relief he seeks here. The PUC held multiple hearings, considered the large quantity of evidence submitted by Moyer, consolidated two cases, and ultimately denied the relief Moyer now seeks in his civil action. As explained more fully in the discussion section below, this Court, in an extensive opinion, discussed the various administrative proceedings and the issues Moyer raised therein, and upheld the PUC's final decision. *See generally Moyer v. Pub. Util. Comm'n* (Pa. Cmwlth., No. 882 C.D. 2016, filed March 13, 2017), 2017 Pa. Commw. Unpub. LEXIS 167 (unreported) (*Moyer I*).

In January 2019, Moyer filed this civil action against PPL in the trial court. PPL filed preliminary objections to Moyer's complaint, alleging the complaint was barred by *res judicata* and collateral estoppel based on the previous litigation before the PUC. Reproduced Record (R.R.) at 38a-64a. PPL also filed a separate motion to dismiss Moyer's complaint pursuant to Rule 233.1 of the Pennsylvania Rules of Civil Procedure, Pa. R.C.P. No. 233.1 (Rule 233.1).[2] R.R. at 9a-23a.

---

[1] Act of November 30, 2004, P.L. 1672, *as amended*, 73 P.S. §§ 1648.1 – 1648.8. This act fosters development of alternative energy sources, including solar energy. Homeowners who install solar panels receive credit on their electric bills for the energy generated by the panels. If the panels generate more electricity than the homeowner uses, the electric company must purchase the excess. The act allows a property owner to use a single meter that reflects the net electricity use or excess electricity generated, or in some situations, to use two meters, using a mechanism known as virtual aggregation to determine the net electricity use or excess electricity generated.

[2] Rule 233.1 of the Pennsylvania Rules of Civil Procedure (Rule 233.1) authorizes dismissal of an action filed by a *pro se* plaintiff where the complaint is duplicative of a previous action that has already been resolved. Pa. R.C.P. No. 233.1(a), (c). The text of Rule 233.1 is set forth in pertinent part in section III.B below.

On April 3, 2019, the trial court issued an order dismissing Moyer's complaint with prejudice based on PPL's motion pursuant to Rule 233.1(a). R.R. at 151a. As authorized by Rule 233.1(c), the trial court's order also barred Moyer from filing any future civil complaints related to the same subject matter without prior leave of court. *Id.* Both the order and the trial court docket indicate that copies of the April 3, 2019 order were mailed to the parties on that date.[3] *Id.*; Notice of Appeal at 5.

Moyer filed a notice of appeal from the April 3, 2019 order. The notice of appeal was dated April 30, 2019. However, the date stamp on the document, confirmed by the trial court's docket, indicated the notice of appeal was not filed until May 13, 2019, 40 days after entry of the April 3, 2019 order from which the appeal was taken. *See* Notice of Appeal at 1. Facially, therefore, the notice of appeal appeared untimely.

However, on May 10, 2019, the trial court issued an order pursuant to Pa. R.A.P. 1925(b) (Rule 1925(b)) directing Moyer to file a statement of errors complained of on appeal. *See* R.R. at 155a. The trial court's issuance of a Rule 1925(b) order implied that it had received the notice of appeal prior to that date. Indeed, the trial court referred to the notice of appeal as timely in its Rule 1925(b)

---

[3] Notwithstanding its April 3, 2019 dismissal of the complaint with prejudice, the trial court also entered an order on April 15, 2019, sustaining PPL's preliminary objections and dismissing the complaint with prejudice "in accord with" the April 3, 2019 order. Original Record (O.R.), Item #13. Moyer did not file an appeal from the April 15, 2019 order.

On November 8, 2019, PPL filed in this appeal an Application for Relief and Motion to Dismiss (Application) based on Moyer's failure to appeal from the April 15, 2019 order. PPL argued the April 15, 2019 order offered an alternate basis for dismissal of the complaint with prejudice. PPL therefore urged this Court to dismiss Moyer's appeal of the April 3, 2019 order as moot because of his failure to appeal from the April 15, 2019 order. On December 13, 2019, this Court issued an order directing disposition of the Application together with the merits of the appeal.

In our subsequent remand order, we dismissed the Application as moot. PPL did not renew the Application on remand.

order. *Id.* Further, PPL, in a subsequent application for relief, similarly referred to the notice of appeal as having been filed on April 30, 2019.

Thus, this Court was unable to determine from the record whether Moyer's notice of appeal was timely filed. By order dated February 28, 2020, we remanded this matter with a directive to the trial court to issue a supplemental opinion on the timeliness issue within 30 days, after holding a hearing if necessary. However, the trial court held no hearing and apparently neither sought nor considered any evidence. Instead, on April 8, 2020, 40 days after our order, the trial court issued a supplemental opinion[4] merely repeating what this Court already knew, *i.e.*, that the notice of appeal was dated April 30, 2019, but was not docketed until May 13, 2019, even though the court received it sometime prior to that date. The trial court simply concluded, based on the docketing date, and evidently without any inquiry into the reason for the delay in docketing the notice of appeal, that the appeal was untimely. The trial court's supplemental opinion did not state on what date the court actually received the appeal and did not otherwise advance this Court's determination of whether this appeal is properly before us.

In response to the trial court's supplemental opinion, Moyer filed a supplemental brief with this Court, arguing that his appeal was timely. Moyer attached documentation to his supplemental brief showing that he mailed material to the trial court on May 1, 2019, by overnight delivery; that the trial court received the material on May 2, 2019; and that the prothonotary of the trial court sent correspondence to Moyer on May 2, 2019, stating that his notice of appeal was being

---

[4] The trial court also incorrectly directed its supplemental opinion to the Superior Court, which resulted in additional delay in the opinion reaching this Court.

4

returned because he submitted an incorrect filing fee.[5]  Supplemental Brief of the Appellant, Attachments B-E.  After reviewing Moyer's supplemental brief and attachments, PPL submitted a letter to this Court indicating agreement with Moyer's assertion that his notice of appeal was timely submitted to the trial court.

## II. Issues

On appeal,[6] Moyer argues that the trial court erred in dismissing the complaint pursuant to Rule 233.1, for various reasons.  For clarity, we construe, reorganize, and summarize his arguments as follows.

Moyer appears to posit that Rule 233.1 is inapplicable because the PUC lacked jurisdiction to issue its previous decision on certain statutory issues, which Moyer later re-raised in his complaint in the trial court.  Moyer also suggests that the issues he raises in this action are different from those asserted before the PUC because he couched those issues in regulatory terms before the PUC and then as statutory issues before the trial court.  Accordingly, he contends the issues he now raises were not previously resolved, for purposes of a dismissal under Rule 233.1.[7]

---

[5] It appears Moyer originally submitted a check with his notice of appeal in the amount of $90.00 for this Court's filing fee, rather than the correct fee of $90.25.  *See* Suppl. Br. of the Appellant, Attachs. D-E.  The *de minimis* nature of this defect in the notice of appeal further highlights the impropriety, discussed below, of the prothonotary's refusal to docket the notice of appeal on the date it was received.  *See* Pa. R.A.P. 902.

[6] In general, our review of a trial court's order granting a motion for dismissal under Rule 233.1 is limited to determining whether the trial court abused its discretion.  *Vasquez v. City of Reading* (Pa. Cmwlth., No. 1770 C.D. 2016, filed Aug. 2, 2017), 2017 Pa. Commw. Unpub. LEXIS 567 (unreported) (citing *Coulter v. Ramsden*, 94 A.3d 1080 (Pa. Super. 2014)).  However, our review of the trial court's interpretation of a rule of civil procedure is *de novo*.  *Vasquez*, slip op. at 2 n.2 (citing *Coulter*, 94 A.3d at 1086).  We cite this Court's unreported decision in *Vasquez* as persuasive pursuant to 210 Pa. Code § 69.414(a).

[7] Moyer also suggests the trial court lacked adequate support for its Rule 233.1 dismissal because it failed to consider Moyer's arguments and issued a decision without granting his request **(Footnote continued on next page…)**

5

Regarding the timeliness of his appeal, Moyer argues the prothonotary of the trial court improperly refused to docket his timely-submitted notice of appeal. He contends that the prothonotary was required to docket the notice of appeal when it was received, notwithstanding its alleged defects.[8]

Because a timely appeal is a prerequisite to this Court's exercise of jurisdiction, we address the timeliness issue first.

### III. Discussion

### A. Timeliness of Appeal

A notice of appeal must be filed within 30 days after entry of the order from which the appeal is taken. Pa. R.A.P. 903(a). A timely appeal is a jurisdictional prerequisite. *Monroe Cty. Bd. of Assessment Appeals v. Miller*, 570 A.2d 1386 (Pa. Cmwlth. 1990) (timeliness of an appeal is a jurisdictional question; it cannot be waived and may be raised at any time by a party or by the court *sua sponte*). Accordingly, if Moyer's appeal is not properly before this Court, we lack jurisdiction to decide it. An appellate court "may not enlarge the time for filing a notice of appeal . . . ." Pa. R.A.P. 105(b).

The prothonotary's correspondence to Moyer indicated his notice of appeal was defective because it did not include this Court's correct filing fee. However, a

---

for oral argument. In light of our conclusion that the trial court correctly dismissed the complaint, we reject Moyer's suggestion that the trial court failed to consider any pertinent issues. Regarding Moyer's alleged request for oral argument, the trial court had discretion to deny that request. *See Young v. Estate of Young*, 138 A.3d 78, 86-87 (Pa. Cmwlth. 2016) (trial court has discretion to deny argument request on preliminary objections and other motions). Accordingly, we do not consider either of these issues further.

[8] The timeliness of a notice of appeal, where a prothonotary has failed to time-stamp a flawed but timely presented notice of appeal, is a question of law over which this Court's scope of review is plenary and its standard of review is *de novo*. *Commonwealth v. Williams*, 106 A.3d 583, 586 (Pa. 2014).

defect in a notice of appeal does not excuse the prothonotary from accepting the notice of appeal for filing: "Upon receipt of the notice of appeal, the clerk [of the trial court] shall *immediately* stamp it with the date of receipt, and *that date shall constitute the date when the appeal was taken*, which date shall be shown on the docket." Pa. R.A.P. 905(a)(3) (Rule 905(a)(3)) (emphasis added). Moreover, "[f]ailure of an appellant to take *any step other than the timely filing* of a notice of appeal does not affect the validity of the appeal . . . ." Pa. R.A.P. 902 (Rule 902) (emphasis added).

In *Commonwealth v. Williams*, 106 A.3d 583 (Pa. 2014), our Supreme Court underscored the absence of discretion on the part of a trial court clerk or prothonotary in accepting and docketing a defective notice of appeal. In *Williams*, the appellant electronically filed a notice of appeal in the court of common pleas on the last day of the appeal period. Instead of docketing the appeal, however, the court clerk informed the appellant the next day that the notice of appeal was defective. Although the appellant filed a corrected notice that same day, the appellee argued the appeal was untimely. Our Supreme Court disagreed, finding that Rule 902 required the court clerk to time-stamp and docket the notice of appeal when it was received, regardless of any defect.[9]

The Court explained Rule 902's purpose is to "'eliminate[] the "trap" of failure to perfect an appeal' by making timely notices of appeal 'self-perfecting.'" *Williams*, 106 A.3d at 587 (quoting Rule 902, Note). "[Rule 902] creates a preference for correcting procedurally defective, albeit timely, notices of appeal so that appellate courts may reach the merits of timely appeals." *Williams*, 106 A.3d at 587. "Very simply, the lower court clerk must time-stamp a notice of appeal

---

[9] The defect in *Williams* related to the designation of multiple docket numbers in the notice of appeal.

immediately upon receipt . . . . To hold otherwise would repudiate the directive of Rule 902 that a timely notice of appeal is self-perfecting. It would also contravene the plain language of Rule 905(a)(3) . . . ." *Id.*

The Court further explained that "the powers wielded by the clerk of courts, ***like those of the prothonotary***, are purely ministerial in nature." *Id.* (emphasis added). "Far from operating as an independent reviewer and screening officer with respect to court filings, the clerk of courts fulfills a strictly administrative function, and is therefore obligated to accept and process notices of appeal upon receipt in accordance with the Rules of Appellate Procedure, notwithstanding any perceived defects therein." *Id.* Accordingly, the Court concluded "[t]he [court c]lerk's failure to time-stamp the . . . notice of appeal obviously does not mean that the . . . appeal is improperly before this Court . . . . [T]his Court has jurisdiction over this timely appeal." *Id.* at 590.

Notably, in *Williams*, our Supreme Court expressly refused to consider the nature of the defect that caused the court clerk's refusal to accept the notice of appeal, stating "[t]he precise nature of the alleged defect in the . . . notice of appeal is of no consequence." *Id.* Nonetheless, we observe that several appellate decisions have specifically found an appellant's failure to submit the proper filing fee with a notice of appeal does not permit the clerk or prothonotary to refuse to time-stamp and docket the notice of appeal when received. *See, e.g., Kelley v. Harr* (Pa. Super., No. 1332 WDA 2019, filed Apr. 22, 2020), 2020 Pa. Super. Unpub. LEXIS 1374 (unreported)[10] (trial court abused its discretion in finding appeal untimely, where notice of appeal was timely submitted but prothonotary refused to time-stamp and

---

[10] Unreported decisions of the Superior Court filed after May 1, 2019, are cited as persuasive authority pursuant to the Superior Court's Internal Operating Procedures. 210 Pa. Code § 65.37; *see also* Pa. R.A.P. 126(b)(2).

docket it because it was accompanied by incorrect filing fee); *Commonwealth v. Anderson* (Pa. Super., No. 808 WDA 2019, filed Mar. 10, 2020), 2020 Pa. Super. Unpub. LEXIS 835 (unreported) (appeal was timely despite clerk's unauthorized rejection of notice of appeal submitted without filing fee); *First Union Nat'l Bank v. F.A. Realty Inv'rs Corp.*, 812 A.2d 719, 723 (Pa. Super. 2002) (where notice of appeal was timely presented for filing, perfection of appeal did not depend on payment of filing fee).  We find these decisions persuasive here.

The prothonotary's correspondence to Moyer, dated May 2, 2019, demonstrates that Moyer's notice of appeal was timely received in the trial court.[11] A defect in the form of an incorrect filing fee did not justify refusal to docket the timely notice of appeal.  Accordingly, we conclude that the trial court erred in finding Moyer's appeal untimely.

### B. Dismissal Pursuant to Rule 233.1

Having won the timeliness battle, Moyer nonetheless loses the war.  On review of the substance of his appeal, we find the trial court acted within its discretion pursuant to Rule 233.1 in dismissing the complaint and precluding Moyer from filing further complaints of a similar nature without prior leave of court.

Rule 233.1 provides, in pertinent part:

---

[11] We note that the attachments to Moyer's supplemental brief are not part of the original record as lodged by the trial court.  However, PPL did not object to any of the attachments or challenge their authenticity or accuracy.  Accordingly, in the interests of justice, we will consider the attachments.  *See* Pa. R.A.P. 105(a) (rules of appellate procedure are liberally construed; "[i]n the interest of expediting decision, or for other good cause shown, an appellate court may . . . disregard the requirements or provisions of any of these rules in a particular case on application of a party or on its own motion . . ."); *M.A. Bruder & Son, Inc. v. Workmen's Comp. Appeal Bd. (Harvey)*, 485 A.2d 93, 95 n.2 (Pa. Cmwlth. 1984) (where parties did not dispute existence and effect of document attached to appellate brief, appellate court would consider it in the interest of judicial economy, despite its omission from the certified record).

(a) Upon the commencement of any action filed by a *pro se* plaintiff in the court of common pleas, a defendant may file a motion to dismiss the action on the basis that

(1) the *pro se* plaintiff is alleging the same or related claims which the *pro se* plaintiff raised in a prior action against the same or related defendants,[12] and

(2) those claims have already been resolved pursuant to a written settlement agreement or a court proceeding.

\* \* \*

(c) Upon granting the motion and dismissing the action, the court may bar the *pro se* plaintiff from pursuing additional *pro se* litigation against the same or related defendants raising the same or related claims without leave of court.

Pa. R.C.P. No. 233.1(a), (c).

The Note to Rule 233.1 explains that although disciplinary measures are available to deter attorneys from filing repetitive lawsuits, there are no parallel measures applicable to *pro se* plaintiffs. Rule 233.1 therefore provides a means of obtaining relief from repetitive *pro se* lawsuits. *See* Pa. R.C.P. No. 233.1, Note. As the Superior Court has explained, "Rule 233.1 was promulgated by our Supreme Court in 2010 to stem a noted increase in serial lawsuits of dubious merit filed by *pro se* litigants disaffected by prior failures to secure relief for injuries they perceived but could not substantiate." *Gray v. Buonopane*, 53 A.3d 829, 835 (Pa. Super. 2012). Thus, the purpose of Rule 233.1 is to forestall "potential manipulation of the legal process by those not learned in its proper use, [by] seeking to establish accountability for *pro se* litigants commensurate with that imposed upon members of the Bar." *Id.*

---

[12] PPL was the intervenor and target of Moyer's requests for relief in the PUC proceedings. Moyer does not contend that this action fails to involve the same parties as the PUC proceedings, for purposes of Rule 233.1.

10

## 1. "Related" Claims

Although this Court has not had occasion to consider in detail what constitutes the "same or related" claim under Rule 233.1, the Superior Court has provided persuasive guidance. In *Gray*, the Superior Court reasoned that the "same or related" language of Rule 233.1 does not require application of the elements of *res judicata*[13] or collateral estoppel;[14] "rather, it merely requires that the parties and the claims raised in the current action be '*related*' to those in the prior action and that those prior claims have been '*resolved*.'" *Id.* at 836. Claims are "related" for purposes of Rule 233.1 if they bear "a rational relationship evident in the claims made . . . ." *Id.* at 838.

Although Moyer insists the issues in this case are distinct from those in his claims before the PUC, the record belies that assertion. In his complaint before the trial court, Moyer summarized the issues he was raising against PPL: "the arbitrary 'commercial' [GS-1] designation [of the solar array]; the imposition of an unlawful 'commerical' customer charge; the policy of requiring 'non-generational load'; and

---

[13] "The doctrine of *res judicata* [applies] where the former and latter suits possess the following common elements: '(1) identity of issues; (2) identity in the cause of action; (3) identity of persons and parties to the action; and (4) identity of the capacity of the parties suing or being sued.'" *Gray v. Buonopane*, 53 A.3d 829, 835 n.3 (Pa. Super. 2012) (quoting *Daley v. A.W. Chesterton, Inc.*, 37 A.3d 1175, 1189-90 (Pa. 2012), and *In the Matter of Iulo*, 766 A.2d 335, 337 (Pa. 2001)).

[14] Collateral estoppel applies if four elements are present: (1) an identical issue decided in a prior action is identical to the one presented in a later action; (2) a final judgment on the merits in the prior action; (3) the party to be estopped was a party or in privity with a party to the prior action; and (4) the party to be estopped had a full and fair opportunity to litigate the issue in the prior action. *Gray*, 53 A.3d at 835 n.4 (citing *Columbia Med. Grp., Inc. v. Herring & Roll, P.C.*, 829 A.2d 1184, 1190 (Pa. Super. 2003)).

the far-reaching implications of these practices for renewable energy . . . ."[15]  R.R. at 8a.  Moyer's 2011 and 2014 complaints to the PUC, as well as the PUC's various decisions and this Court's decision affirming the PUC, demonstrate that these same issues formed the bases of Moyer's complaints before the PUC.  *See generally* O.R., Item #5, Exs. A-H.

Indeed, Moyer's 2014 complaint before the PUC expressly acknowledged that it was duplicative of earlier complaints:

> This new complaint seeks redress for billing errors since January 9, 2014, when the PUC issued an Opinion and Order that addressed the period covered by an earlier complaint (C-2011-2273645).  ***This present Complaint seeks to resolve the billing complaints in that case***, which remains under appeal.  That earlier Complaint, as yet unresolved, also includes an appeal of a 2011 decision by the PUC's BCS (Case #2778513).
>
> \* \* \*
>
> The bills included here are for May, June, July, and August, 2014, and have been issued since the Opinion and Order related to an earlier Complaint (Docket #C-2011-2273654).  ***That Complaint raised similar concerns about the "billing process" which PPL Electric Utilities has used for virtual meter aggregation.***

*Id.*, Ex. D at 3-4 & Attach. 4 (emphasis added).  That acknowledgment demonstrates that Moyer's prior and current claims are "related" for purposes of Rule 233.1.  Thus,

---

[15] Regarding this last issue, the complaint contains no averments of fact in support other than a conclusory footnote alleging a legislative policy of offering incentives for customers to use alternative energy sources.  *See* Reproduced Record (R.R.) at 4a n.2.  We therefore find that contrary to his summary of issues, Moyer has not raised this issue in his complaint, nor has he pleaded facts in support of either his standing to raise the issue or the trial court's jurisdiction to entertain it.  Accordingly, it is not properly before us on appeal.  *See Commonwealth v. Ralston*, 800 A.2d 1007, 1010 n.5 (Pa. Cmwlth. 2002) (assertion on which appellant bore burden of proof, which was not pleaded or otherwise established before trial court, was waived); *Green v. Commonwealth*, 445 A.2d 1341, 1343-44 (Pa. Cmwlth. 1982) (matters not properly raised in trial court cannot be considered on appeal; appellant also lacked standing to assert argument on behalf of non-parties, and appellate court would not review such arguments).

it further supports the trial court's exercise of discretion in dismissing the complaint. *Accord Coulter v. Lindsay*, 159 A.3d 947, 952 (Pa. Super. 2017) (trial court properly dismissed action, pursuant to Rule 233.1, where plaintiff contended her claims were not related to prior lawsuits, but conceded in her complaint that the issues were the same as those resolved in a prior action).

## 2. Claims "Resolved" in a "Court Proceeding"

This Court has likewise had no previous occasion to construe Rule 233.1's requirement that a prior action by a *pro se* plaintiff was "resolved pursuant to. . . a court proceeding." Pa. R.C.P. No. 233.1(a)(2). We note that in *Gray*, the Superior Court opined that Rule 233.1 was intended to "assure[] that the *pro se* litigant is availed of a chance to address his claim subject . . . to the procedural safeguards that attend a court proceeding." *Gray*, 53 A.3d at 836.

Here, Moyer had the opportunity to present extensive evidence at multiple hearings before the PUC. Arguably, the procedural safeguards attendant in the PUC proceedings offered him a full and fair opportunity to address his claims; indeed, he had multiple full and fair opportunities to do so.

However, the plain language of Rule 233.1 requires resolution of prior claims through either a settlement agreement or a ***court*** proceeding. Here, Moyer's claims ultimately were resolved in a court proceeding, *i.e.*, this Court's extensive opinion on appeal of the PUC's final decision on Moyer's consolidated 2011 and 2014 complaints. *See generally Moyer I*.

In *Moyer I*, this Court carefully considered – and rejected – all of the claims Moyer asserts in this action:

(1)     We found Moyer's assertion of eligibility for virtual meter aggregation, including his challenge to PPL's independent load requirement, was moot, because

13

PPL had already agreed to allow Moyer to continue participating in virtual meter aggregation.[16] *Moyer I*, slip op. at 9; *see also id.* at 10 n.6 ("because the independent-load requirement . . . is not being applied to Moyer's facility, its validity is not properly before this Court . . .").

(2)    We concluded that the PUC properly determined PPL could use manual billing and did not need to implement automated billing for its virtual meter aggregation program. *Id.*, slip op. at 11.  Further, we found that substantial evidence supported the PUC's decision that PPL maintained adequate records regarding Moyer's accounts; that PPL provided descriptions for its record entries and explained its calculations and credits; and that PPL demonstrated its tabulations of data and explained any alleged inconsistencies in Moyer's bills.  *Id.*, slip op. at 12-13.

(3)    We found the PUC was correct in concluding that PPL's tariff, as approved by the PUC, required Moyer's solar facility to be billed under PPL's GS-1 commercial rate rather than its residential rate.  *Id.*, slip op. at 13-14.

(4)    We rejected Moyer's contention that this Court's decision regarding common pleas jurisdiction in *Sunrise Energy, LLC v. FirstEnergy Corp.*, 148 A.3d 894 (Pa. Cmwlth. 2016) (*en banc*), nullified the PUC's decision in Moyer's case. We specifically held that our decision in *Sunrise Energy* "does not affect the jurisdictional validity of the PUC's order" in Moyer's case.  *Moyer I*, slip op. at 8.

In *Lerner v. City of Philadelphia* (C.P. Philadelphia, No. 131202384, filed September 10, 2014), 2014 Phila. Ct. Com. Pl. LEXIS 297 (unreported), the Court of Common Pleas of Philadelphia County found that this Court's review in a

---

[16] This agreement by PPL was essentially a partial settlement.  It therefore fit within Rule 233.1 as a resolution of one of Moyer's prior claims, for that additional reason.  *See* Pa. R.C.P. No. 233.1(a)(2).

statutory appeal from an agency determination offered sufficient procedural safeguards to constitute resolution by a "court proceeding" for purposes of Rule 233.1(a)(2). In *Lerner*, the appellant asserted a tax challenge to the city's tax review board, despite the board's findings that it lacked jurisdiction over the appellant's prior challenge to the board regarding the same tax year. In dismissing the matter pursuant to Rule 233.1, the court observed that the board's determination that it lacked jurisdiction over the previous challenge regarding the same taxes had been upheld by both the common pleas court and this Court on appeal. The court reasoned that "under Rule 233.1, if the Court determines that the claim is related to a claim from a prior action such that the *pro se* plaintiff was given the opportunity to address his or her claim 'subject to . . . the procedural safeguards that attend a court proceeding[,]' the Court may dismiss the action and bar the *pro se* plaintiff from pursuing additional related *pro se* litigation." *Id.*, slip op. at __, 2014 Phila. Ct. Com. Pl. LEXIS 297, at *9-*10 (quoting *Gray*, 53 A.3d at 836). Therefore, because the claim at issue had already been resolved by the tax board's decision and the two court appeals, the *Lerner* court concluded the appellant was properly barred under Rule 233.1 from asserting further challenges regarding the same tax year. *Moyer I*, slip op. at __, 2014 Phila. Ct. Com. Pl. LEXIS 297, at *13-*14.

We find the reasoning of the *Lerner* court persuasive here. Moyer is asserting the same claims in this action that were previously rejected by the PUC and then by this Court on appeal. We find the requisites of Rule 233.1 have been satisfied, in that Moyer's claims have been previously resolved in a court proceeding. Therefore, the trial court did not abuse its discretion in dismissing the complaint and barring Moyer from further *pro se* filings on the same subjects without leave of court.

## III. Conclusion

Based on the foregoing discussion, we affirm the trial court's decision.

_____
ELLEN CEISLER, Judge

Judge Fizzano Cannon did not participate in the decision of this case.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

J. Larry Moyer,            :
         Appellant    :
                  :
     v.              :  No. 587 C.D. 2019
                  :
PPL Electric Utilities Corporation   :

## **O R D E R**

AND NOW, this 23rd day of October, 2020, the April 3, 2019 order of the Court of Common Pleas of Schuylkill County is AFFIRMED.

_____
ELLEN CEISLER, Judge