Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* Donald Lee Gibboney, Appellee.

Donald Lee Gibboney, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellee.

Argued March 10, 1980, before Judges MENCER, BLATT and MACPHAIL, sitting as a panel of three.

*Harold H. Cramer,* Assistant Attorney General, with him, *Robert W. Cunliffe,* Deputy Attorney General and *Edward G. Biester, Jr.,* Attorney General, for appellant.

*Michael Bresnahan,* for appellee.

OPINION BY JUDGE BLATT, May 7, 1980:

Before us are two appeals from the Court of Common Pleas of Centre County which have been consolidated for argument and disposition. Both involve

Donald Lee Gibboney (operator) and the Department of Transportation, Bureau of Traffic Safety (Bureau). In the first case, No. 2662 C.D. 1978, the Bureau appeals from the lower court's order reversing a 15-day suspension of the operator's license imposed by the Bureau under Section 1544(a) of the Vehicle Code, 75 Pa. C.S. §1544(a). In the second case, No. 2773 C.D. 1978, the operator appeals from the lower court's order affirming a different 15-day suspension also under Section 1544(a).

## No. 2662 C.D. 1978

On July 23, 1977, the operator was cited for driving a motorcycle without an eye-protective device. On October 24, 1977, the Bureau mailed him a notice of suspension of operating privileges for failure to respond to the citation, and the suspension became effective November 14, 1977. On September 29, 1977, however, which was before the suspension became effective, he was cited for another traffic violation (failure to yield right-of-way), and he was convicted of this offense on April 10, 1978. When this conviction was certified to the Bureau, he was assessed three points, and the points were assigned to his record on August 8, 1978, at which time his license was still under the previous suspension. The Bureau therefore applied the provisions of Section 1544(a) of the Vehicle Code, which are:

> When any person's record shows an accumulation of additional points during a period of suspension or revocation, the department shall extend the existing period of suspension or revocation at the rate of five days for each additional point and the person shall be so notified in writing.

His suspension was therefore extended for 15 days.

The operator argues here that the Bureau incorrectly interpreted Section 1544(a). He contends, and the court below held, that a suspension can be extended under Section 1544(a) only when the violation which gave rise to the additional points occurred during the period of suspension. He relies on Section 1535(a), which states that a driver "shall be assessed points as of the date of violation." Because his license was not under suspension on the date of the violation resulting in the three points, he concludes that his suspension was improperly extended. We disagree.

Under the points provisions of the Vehicle Code, points are "assessed" and "assigned." Section 1535(a), for example, requires that points be *assessed* as of the date of the violation. Section 1535(c), on the other hand, requires that points be *assigned* "to the record of any person within six months from the date of a conviction." Accordingly, within six months of the conviction the Bureau must *assign* the points, at which time they *show* on the operator's record.

Returning, then, to Section 1544(a), we note that a suspension must be extended if the operator's record "shows" an accumulation of additional points during a period of suspension; that is, if the points are *assigned* at a time when the operator's license is under suspension. As a result, we believe that, because the license of the operator here was suspended at the time the Bureau assigned the additional points to his record, the Bureau correctly extended the suspension.

We are not convinced, moreover, by the operator's argument that this interpretation is unsound because an operator can delay the date of his conviction and therefore postpone the assignment of points until after his license is restored. The situation in which

additional points are not assigned, for whatever reason, until after the restoration of the operator's license is covered by Section 1545, which provides:

Upon the restoration of any persons operating privilege which has been suspended or revoked pursuant to this subchapter, such person's record shall show five points, except that any additional points assessed against the person since the date of the last violation resulting in suspension or revocation shall be added to such five points *unless he has served an additional period of suspension or revocation pursuant to Section 1544(a)*. . . . Emphasis added.)

Clearly, the legislature has created a scheme in which points *assigned* during a suspension are not added to the operator's point record but are converted into an extension of the suspension, and points *assigned* after the restoration of the operator's license are added to the operator's point record. The wisdom or convenience of such a scheme is not for us to judge.

We shall therefore reverse the order of the court of common pleas in this case and reinstate the Bureau's 15-day suspension.

## No. 2773 C.D. 1978

On March 22, 1978, the operator was cited for a stop-sign violation to which he pleaded guilty. His conviction was certified to the Bureau, which assessed him three points. The Bureau acted to assign these points on September 8, 1978, at which time the operator's license was under suspension for failure to respond to previous traffic citations.[1] The Bureau therefore extended the existing suspension for 15

---

[1] The operator failed to respond to citations on three occasions, each failure resulting in another suspension. He testified that he did not receive notice of any of the suspensions.

days pursuant to Section 1544(a) and sent the operator notice. The operator appealed this 15-day suspension to the court of common pleas arguing that he had not received notice of the previous suspension, and that the extended suspension was therefore improper. The lower court ruled that a suspension could be extended under Section 1544(a) only when the violation which gave rise to the additional points occurred during the period of suspension. This time, however, the court also found that the operator's license had been under suspension when the operator was cited on March 22, 1978. In addition, the court concluded that receipt of the notice of the previous suspension was not necessary to extend a suspension under Section 1544(a). The court therefore sustained the additional 15-day suspension, and the operator appealed.

For the reasons stated above in No. 2662 C.D. 1978, we cannot accept the reasoning of the lower court. As we explained before, the crucial event under Section 1544(a) is not the date of the violation, but the date when the Bureau *assigns* the resulting points to the operator's record. Therefore, although the violation of March 22, 1978, may have occurred while the operator's license was under suspension, the significant fact is that the Bureau *assigned* the resulting points while his license was under suspension.

As to lack of notice of the previous suspension, however, we agree with the court below that this fact does not affect the validity of the additional 15-day suspension. Had the operator been cited for driving while his license was suspended, lack of notice of the suspension would clearly be relevant in a trial on that charge. *Commonwealth v. Kane,* 460 Pa. 582, 333 A.2d 925 (1975). Here, however, the stop-sign violation was a separate and unrelated offense which did

not rest on the fact of the previous suspension. The suspension became significant only when the Bureau acted to assign the three points arising from the stop-sign violation to his record and, finding the license currently suspended, added 15 days to the suspension rather than three points to the operator's record. The penalty for the stop-sign violation was neither increased nor decreased by the fact that the license was under suspension, apparently without the operator's knowledge, at the time of the violation.

We shall, therefore, affirm the order of the court of common pleas in this case.

### ORDER

AND Now, this 7th day of May, 1980, the order of the Court of Common Pleas of Centre County in No. 2662 C.D. 1978 is hereby reversed, and the order of the Department of Transportation, Bureau of Traffic Safety, suspending the operating privileges of Donald Lee Gibboney for 15 days is reinstated; the order in No. 2773 C.D. 1978 is hereby affirmed.