Richael Lynn Darr, Appellant v. Commonwealth of Pennsylvania, Appellee.

Argued June 6, 1980, before Judges MENCER, ROGERS and CRAIG, sitting as a panel of three.

*John B. Mancke, Mancke & Lightman,* for appellant.

*Harold H. Cramer,* Assistant Attorney General, with him *Ward T. Williams,* Chief Counsel, and *Harvey Bartle, III,* Acting Attorney General, for appellee.

OPINION BY JUDGE MENCER, August 18, 1980:

Richael Lynn Darr (appellant) appeals from an order of the Court of Common Pleas of Cumberland County which sustained the suspension of appellant's driving privileges for 165 days. We affirm.

The chronology of events leading to the suspension of appellant's license is as follows:

Appellant was convicted of traffic violations in July and August of 1976, resulting in an accumulation of more than six points on his record. Consequently, he was required to pass a special examination and his license was suspended for 15 days.

In April of 1977, appellant was convicted of another offense and was assigned three more points. Again, his record showed more than six points, necessitating a hearing pursuant to Section 1538(b)(1) of the Vehicle Code (Code), 75 Pa. C.S. §1538(b)(1).[1] No sanction other than the points was imposed.

---

[1] 75 Pa. C.S. §1538(b)(1) reads:

(b) Second accumulation of six points.—

(1) When any person's record has been reduced below six points and for the second time shows as many as six

In April of 1978, appellant was cited once more and, for the third time, his point total exceeded six points. As a result, another hearing was held pursuant to Section 1538 of the Code, and on October 29, 1978, appellant's license was suspended for 30 days, effective November 30, 1978.

In the meantime, in August 1978, appellant received another citation and was assessed four more points. These four points were added to the seven points on his record at the time. Because this resulted in an accumulation of 11 points, the Department of Transportation (Department) suspended appellant's license pursuant to Section 1539 of the Code, 75 Pa. C.S. §1539.[2] The appellant appealed to the lower court, which affirmed the suspension. This appeal followed.

The appellant first argues that, because he was already under a 30-day suspension, any further suspension should have been computed on the basis of Sec-

points, the department shall require the person to attend a departmental hearing. The hearing examiner may recommend one or more of the following:

(i) That the person be required to attend a driver improvement school.

(ii) That the person undergo an examination as provided for in section 1508 (relating to examination of applicant for driver's license).

(iii) That the person's driver's license be suspended for a period not exceeding 15 days.

[2] 75 Pa. C.S. §1539, in pertinent part, reads:

(a) General rule.—When any person's record shows an accumulation of 11 points or more, the department shall suspend the operating privilege of the person as provided in subsection (b).

(b) Duration of suspension.—The first suspension shall be for a period of 5 days for each point, the second suspension shall be for a period of 10 days for each point, the third suspension shall be for a period of 15 days for each point and any subsequent suspension shall be for a period of one year.

tion 1544(a) of the Code, 75 Pa. C.S. §1544(a), rather than on the basis of Section 1539 of the Code. We find this argument to be meritless.

Section 1544(a) and (b) of the Code provides:

(a) Additional point accumulation.—When any person's record shows an accumulation of additional points during a period of suspension or revocation, the department shall extend the existing period of suspension or revocation at the rate of five days for each additional point and the person shall be so notified in writing.

(b) Additional suspension. — When any person's record shows an additional suspension of the operating privilege assessed during a period of suspension or revocation, the department shall extend the existing period of suspension or revocation for the appropriate period and the person shall be so notified in writing.

Reading these two subsections together, it is clear that Section 1544(a) is intended to encompass a situation in which additional points are accumulated but no new suspension is imposed,[3] while Section 1544(b) is intended to encompass a situation in which an additional suspension is imposed.[4] Here, assuming his record properly reflects an accumulation of 11 points, appellant was subject to a further suspension under Section

---

[3] If, for example, appellant received two additional points in August, or a total of nine points, he would not be subject to a new suspension. Consequently, Section 1544(a) would apply and his existing suspension would be extended by 10 days.

[4] This holding is consistent with *Department of Transportation, Bureau of Traffic Safety v. Gibboney*, 51 Pa. Commonwealth Ct. 221, 414 A.2d 408 (1980), cited by appellant. In *Gibboney*, additional points were accumulated during the offender's suspension, but no new suspension was imposed. As a result, we held that the Department properly extended the existing suspension under Section 1544(a) of the Code.

1539 of the Code, which provides: "When any person's record shows an accumulation of 11 points or more, the department shall suspend the operating privilege of the person. . . ." Thus, appellant falls within the mandate of Section 1544(b) rather than that of Section 1544(a).

Appellant also contends that the Department's computation of 11 points is incorrect. He argues that the 11-point suspension should not have been assessed until the end of his 30-day suspension, at which time his accumulation of points would have been reduced under Section 1545 of the Code, 75 Pa. C.S. §1545,[5] to five points. Therefore, he contends, his new point total should only be nine. This, too, is meritless.

We have held that, under Section 1535(a) of the Code, 75 Pa. C.S. §1535(a) (schedule of convictions and points), points are assessed as of the date of the violation. *Department of Transportation, Bureau of Traffic Safety v. Sherwood,* 51 Pa. Commonwealth Ct. 117, 414 A.2d 151 (1980). Thus, the four points assessed to appellant for his August 1978 violation must be added to the number of points he had accumulated as of the date of that violation. Since appellant had seven points in August 1978, the Department correctly suspended him for 15 days for each of the 11 points, or a total of 165 days.

Order affirmed.

---

[5] 75 Pa. C.S. §1545 reads:

Upon the restoration of any person's operating privilege which has been suspended or revoked pursuant to this subchapter, such person's record shall show five points, except that any additional points assessed against the person since the date of the last violation resulting in the suspension or revocation shall be added to such five points unless the person has served an additional period of suspension or revocation pursuant to section 1544(a) (relating to additional period of revocation or suspension).

## ORDER

Now, this 18th day of August, 1980, the order of the Court of Common Pleas of Cumberland County, dated May 3, 1979, sustaining the suspension of Richael Lynn Darr's license for 165 days, is affirmed.