Kenneth Shuman, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Argued June 5, 1980, before Judges WILKINSON, JR., BLATT and WILLIAMS, JR., sitting as a panel of three.

*Jerrold D. Harris,* for appellant.

*Harold H. Cramer,* Assistant Attorney General, with him *Ward T. Williams,* Chief Counsel, Transportation, and *Harvey Bartle, III,* Acting Attorney General, for appellee.

OPINION BY JUDGE BLATT, September 22, 1980:

Kenneth D. Shuman (operator) appeals here from an order of the Court of Common Pleas of Lancaster County which affirmed a 365-day suspension of his driving privileges by the Bureau of Traffic Safety, Department of Transportation (Bureau).

On July 2, 1976, the operator was issued a citation for a red light violation (violation No. 1). He then received a citation for a speeding violation on October 20, 1977 (violation No. 2), and another citation for a red light violation on January 18, 1978 (violation No. 3). Because he failed to respond to the citation for violation No. 1, his driving privileges were suspended on February 10, 1978, pursuant to Section 1533 of the Motor Vehicle Code (Vehicle Code), 75 Pa. C. S. §1533,

until such time as he did respond. On April 3, 1978, while still not responding to the citation for violation No. 1, he pled guilty to violation No. 2. The Bureau processed the conviction report for violation No. 2 at a time when the operator's license was still under the February 10, 1978 suspension for failing to respond, and, rather than assigning additional points to his record, the Bureau suspended his license for an incremental period of 10 days pursuant to Section 1544(a) of the Vehicle Code, 75 Pa. C. S. §1544(a).[1] On April 21, 1978, the operator received another suspension for his failure to respond to the citation for violation No. 3.

On June 29, 1978, the operator pled guilty to and paid fines for violations No. 1 and No. 3, and his license was restored. At the time of this restoration, his record showed a total accumulation of five points pursuant to Section 1545 of the Vehicle Code, 75 Pa. C. S. §1545, which provides:

> Upon the restoration of any person's operating privilege which has been suspended or revoked . . . such person's record shall show five points, except that any additional points *assessed* against the person since the date of the last violation resulting in the suspension or revocation shall be added to such five points. . . .
> (Emphasis added.)

On September 7 and 8, 1978, the Bureau processed the convictions for violations No. 1 and No. 3, assigned three points to the operator's record for each viola-

---

[1] Section 1544(a) of the Vehicle Code, 75 Pa. C. S. §1544(a), provides:

> When any person's record shows an accumulation of additional points during a period of suspension or revocation, the department shall extend the existing period of suspension or revocation at the rate of five days for each additional point. . . .

tion, and notified him that, because his record showed an accumulation of 11 points and because this was his fourth suspension, his license would be suspended for 365 days pursuant to Section 1539 of the Vehicle Code, 75 Pa. C. S. §1539.[2] The court of common pleas affirmed that suspension.

The operator contends here that the suspension which began on February 10, 1978, for failing to respond to a citation should be held to have absolved him from the six points assigned to his record in September of 1978 for violations No. 1 and No. 3 which had occurred prior to that suspension. This argument, however, is based upon a misinterpretation of the word "assessed" in Section 1545 of the Vehicle Code, 75 Pa. C. S. §1545.

The Vehicle Code expressly provides, of course, that "[e]very driver licensed in this Commonwealth who is convicted of any of the following offenses shall be *assessed points as of the date of the violation . . ."* (emphasis added),[3] and this Court has consistently embodied this requirement in its decisions. *Department of Transportation v. Sherwood,* 51 Pa. Commonwealth Ct. 117, 414 A.2d 151 (1980); *Department of Transportation v. Sheets,* 49 Pa. Commonwealth Ct. 175, 410 A.2d 1295 (1980). The operator contends that, because the points for violations No. 1 and No. 3 must be assessed by the Bureau as of the date of the violations, and because these violations occurred prior to the license restoration on August 22, 1978 such points assessed as of the prior dates are absorbed by

---

[2] Section 1539(b) of the Vehicle Code, 75 Pa. C. S. §1539(b), provides:

The first suspension shall be for a period of 5 days for each point . . . the third suspension shall be for a period of fifteen days for each point and any subsequent suspension shall be for a period of one year.

[3] Section 1535(a) of the Vehicle Code, 75 Pa. C. S. §1535(a).

the five points which showed upon his record upon the restoration of his license.

The practical result of the operator's argument here would be that persons who violate the Vehicle Code could, in some instances, avoid the effect of added points by delaying the dates of their conviction. We note in this regard that a major defect in the prior Motor Vehicle Code, Act of April 28, 1959, P.L. 58, *as amended,* was that points were then assessed as of the date of conviction, not as of the date of the violation, *Commonwealth v. Hepler,* 2 Pa. Commonwealth Ct. 516, 279 A.2d 93 (1971), and that a person could therefore avoid the accumulation of points by manipulating his conviction dates, *see Commonwealth v. Shaffer,* 9 Pa. Commonwealth Ct. 516, 309 A.2d 62 (1973). As a rule of statutory construction,[4] we must presume that the legislature, in enacting Section 1545 of the Vehicle Code, 75 Pa. C. S. §1545, sought to remedy the defects of the prior law, and that the present provisions of the Vehicle Code should be construed so as to prevent the manipulation of the assessment of points. We must therefore dismiss the operator's argument and hold that, for the purposes of Section 1545 of the Vehicle Code, 75 Pa. C. S. §1545, the points assessed against him for violations No. 1 and No. 3, which, due to the delay between the date of violation and the date of conviction, could not be assigned or show upon his record until after the restoration of his license on August 22, 1978, had to be carried over from the date of assessment and added to his record after such restoration.

The operator also contends that, because he served the three suspensions concurrently, there was in actuality only one suspension. As a result, he argues that

---

[4] Section 1922(1) of the Statutory Construction Act of 1972, 1 Pa. C. S. §1922(1).

Section 1539(b) of the Vehicle Code, 75 Pa. C. S. §1539(b),[5] permits a suspension of only five days per point upon his accumulation of 11 points rather than the 365-day suspension which is mandated upon a fourth suspension.

As for the two suspensions for the failure to respond to violations No. 1 and No. 3, Section 1533 of the Vehicle Code, 75 Pa. C. S. §1533, requires separate suspensions for each such failure to respond and even if the operator had responded to only one citation, he would not have been entitled to restoration of his license until he had responded to the other. These suspensions are therefore independent of each other and constitute two suspensions for the purposes of applying Section 1533 of the Vehicle Code, 75 Pa. C. S. §1533.

As for the third suspension, however, Section 1544(a) of the Vehicle Code, 75 Pa. C. S. §1544(a) requires an incremental period of suspension when a person's record is assigned additional points due to a violation of other provisions of the Vehicle Code during an existing period of suspension. As we noted in *Department of Transportation v. Gibboney*, 51 Pa. Commonwealth Ct. 221, 414 A.2d 408 (1980) it is only to enhance administrative efficiency that Section 1544(a) of the Vehicle Code requires an incremental suspension rather than the assessment of points, as would be the case if the operator's license were not already under suspension. We believe, therefore, that an incremental period of suspension under Section 1544(a) of the Vehicle Code does not operate as an independent suspension for the purposes of determining the length of a suspension upon an accumulation of 11 points. The operator here, therefore, had three suspensions for failure to respond to citations, and one

[5] See note 2, supra.

36

suspension for an accumulation of 11 points, and, because his suspension for an accumulation of 11 points was his third suspension, Section 1539(b) of the Vehicle Code, 75 Pa. C. S. §1539(b), requires that it extend for a period of 15 days per point or a period of 165 days. The order of the court below will be modified accordingly.

ORDER

AND Now, this 22nd day of September, 1980, the order of the Court of Common Pleas of Lancaster County is hereby modified so that the suspension of the driving privileges of the appellant, Kenneth D. Shuman, shall be for a period of 165 days.