Wayne Russell Horner, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellee.

520

Submitted on briefs, April 8, 1981, to Judges MEN-
CER, WILLIAMS, JR. and CRAIG, sitting as a panel of
three.

*James J. Conlin,* for appellant.

*Harold H. Cramer,* with him *Ward T. Williams,*
Chief Counsel, Transportation, for appellee.

OPINION BY JUDGE WILLIAMS, JR., June 8, 1981:

Wayne Russell Horner (appellant) appeals from
an Order of the Court of Common Pleas of Westmore-
land County which affirmed the suspension of appel-
lant's operator's license by the Bureau of Traffic
Safety (Bureau) of the Department of Transporta-
tion. Horner was convicted of driving under the in-
fluence of alcohol or controlled substance; the Bureau
suspended his license for six months in accordance
with Section 1532(b)(1) of the Vehicle Code, 75 Pa.
C. S. 1532(b)(1), which mandates such suspension
upon proof of conviction of the above offense.

The appellant admits his conviction of driving
under the influence of alcohol or controlled substance,
an offense under Section 3731 of the Code, 75 Pa.
C. S. §3731; a certified record of that conviction was

obtained by the Bureau and is a part of this record. Section 1532(b)(1) of the Code provides in pertinent part as follows:

(b) Suspension

(1) The department shall suspend the operating privilege of any driver for six months upon receiving a certified record of the driver's conviction of any offense under the following provisions:

. . .

Section 3731 (relating to driving under influence of alcohol or controlled substance).

. . .

The appellant contends that his suspension is null and void because the Bureau failed to impose the suspension within six months. This contention is utterly devoid of merit. Appellant attempts to avoid the statutorily mandated suspension by relying on the provisions of Section 1551 of the Code, 75 Pa. C. S. §1551. Section 1551 deals with notice of suspension due to accumulated points, and by its clear language requires that notice of such a suspension be given within six months of the conviction which results in sufficient points to cause the suspension. Section 1532(b) contains no such notice requirement; and the appellant's attempt to apply the six-month notice requirement to Section 1532(b) by analogy must be rejected.

This Court has declined to impose an arbitrary time limit on the Department of Transportation where no such time limit is provided by statute; rather, it has consistently been held that compliance within a reasonable time is sufficient. See *Bureau of Traffic Safety v. Keller,* 48 Pa. Commonwealth Ct. 457, 410 A.2d 1288 (1980); *Bureau of Traffic Safety v. Passerella,* 42 Pa. Commonwealth Ct. 352, 401 A.2d 1 (1979); *Bureau of Traffic Safety v. Lea,* 34 Pa.

Commonwealth Ct. 310, 384 A.2d 269 (1978). It has been further held that the mere passage of time between conviction of a violation of the Code and the revocation of the driver's operating privileges is insufficient by itself to set aside the revocation; in addition, the driver must show that he was prejudiced by relying on the Department's failure to act. *Id.*

No evidence of prejudice was presented by the appellant to the court below; counsel for appellant indicated to the lower court that no prejudice could be shown. Accordingly, the lower court correctly upheld the Bureau's suspension; and that court's Order is affirmed.

ORDER

AND Now, the 8th day of June, 1981, the Order of the Court of Common Pleas of Westmoreland County, dated December 18, 1979, at No. 6852 of 1979, is affirmed.