Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* Michael Vail, Appellee.

Argued December 17, 1981, before Judges MENCER, BLATT and MACPHAIL, sitting as a panel of three.

*Harold H. Cramer,* Assistant Counsel, with him *Ward T. Williams,* Chief Counsel, Transportation, and *Jay C. Waldman,* General Counsel, for appellant.

No appearance for appellee.

OPINION BY JUDGE MACPHAIL, January 26, 1982:

The Commonwealth of Pennsylvania's Department of Transportation (Department) appeals a Delaware County Court of Common Pleas order imposing a thirty day suspension of Michael Vail's (Appellee) motor vehicle operating privileges. The Department had

originally imposed a 110 day suspension under Section 1539 of the Vehicle Code, 75 Pa. C. S. §1539. We reverse.

The following is the chronology of events leading to the suspension at issue in this case:

Appellee was convicted of traffic violations which occurred in April and May of 1978, resulting in the accumulation of six points on his record. Consequently, he was required to pass a special examination.[1] Upon passing this exam, two points were deducted from his record.

Appellee was assessed three more points for a traffic violation which occurred on November 28, 1978. After a hearing, Appellee was notified on July 3, 1979 that his license would be suspended for fifteen days starting August 7, 1979.[2]

In the meantime, Appellee received a citation on March 20, 1979, for speeding. On May 11, 1979, Appellee was found guilty of this violation. As a result of this conviction, Appellee was notified on July 26, 1979 that four points were assigned to his record. Because his point record now totalled eleven points, the Department suspended Appellee's license for 110 days pursuant to Section 1539 of the Vehicle Code.[3]

----

[1] See 75 Pa. C. S. §1538(a).

[2] See 75 Pa. C. S. §1538(b).
We note that this notice of suspension was sent to Appellee later than six months after the conviction, which occurred December 11, 1978. Such a delay may have been grounds for quashing said suspension. See 75 Pa. C. S. §1551. However, Appellee failed to appeal this initial suspension.

[3] (a) When any person's record shows an accumulation of 11 points or more, the department shall suspend the operating privileges of the person as provided in subsection (b).

(b) The first suspension shall be for a period of 5 days for each point, the second suspension shall be for a period of 10 days for each point. . . .

75 Pa. C. S. §1539(a)-(b).

On appeal, the Delaware County Court of Common Pleas determined that Appellee's point total prior to the assessment of the final four points should have been reduced by two points since Appellee had served his fifteen day suspension while the Common Pleas Court appeal was pending. Thus, the Court determined that his point total was nine and, therefore, that he should have received only a further thirty day suspension.[4]

In deciding this case, the lower court did not have the benefit of our opinion in *Darr v. Commonwealth*, 53 Pa. Commonwealth Ct. 490, 418 A.2d 794 (1980). In *Darr*, we held under facts similar to this case that points are assessed for purposes of Section 1539 upon the date of violation and that, therefore, the serving of a suspension after the date of a violation which brings the point total to 11 would not serve to reduce that point total so as to avoid the mandatory Section 1539 suspension.[5]

ORDER

AND Now, this 26th day of January, 1982, the order of the Court of Common Pleas of Delaware County, dated December 26, 1979, is hereby reversed and the

---

[4] *See* 75 Pa. C. S. §1538(c).

[5] Before the lower court, Appellee argued that his fifteen day suspension should not have been counted for purposes of Section 1539(b) because that suspension did not actually occur until after he received notice of his Section 1539 suspension. Thus, Appellee argued that he should only have received a 55 day suspension. *See* note 3 *supra*.

Appellee failed to file any brief with this Court for this case. We therefore do not have the benefit of any argument regarding this question. We have held in similar prior circumstances, however, that the present Vehicle Code should be construed so as to prevent manipulation of its provisions through delays in conviction dates. *See Shuman v. Commonwealth*, 54 Pa. Commonwealth Ct. 30, 34, 419 A.2d 810, 812 (1980). We believe that same principle should operate here and therefore hold that the 15 day suspension is to be counted for purposes of Section 1539(b).

order of the Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, dated July 26, 1979, suspending motor vehicle operating privileges, is reinstated.

Judge PALLADINO did not participate in the decision in this case.