## Commonwealth v. Luber

*Richelle D. Sanders,* Deputy Attorney General, for the Commonwealth.
*Scott J. Lubar,* for defendant.

DIGGINS, *S. J.,* December 16, 1982—The instant matter is an appeal by defendant from an order of the Department of Transportation suspending his driving privileges for a period of fifteen days.

Defendant was convicted on September 14, 1981, for exceeding the posted speed limit. On March 8, 1982, the Department of Transportation advised defendant that pursuant to 75 Pa. C.S.A. §1530 (b) he was to attend a Departmental hearing. Said hearing was necessitated by defendant's second accumulation of six (6) points on his driving record. On July 2, 1982, defendant was notified that his driving

privileges were being suspended for a period of fifteen days. We note that this suspension is authorized by 75 Pa. C.S.A. §1538 (b) (iii). On July 30, 1982, defendant filed the appeal.

Defendant contends that since he was not notified of his suspension within six months of his conviction, as mandated by 75 Pa. C.S.A. §1551, the suspension is null and void.

Accordingly, the issue which must be resolved is whether 75 Pa. C.S.A. §1551, applies to violations of 75 Pa. C.S.A. §1538.

Defendant's contention is that since 75 Pa. C.S.A. §1538 (b) applies to the second accumulation of six points then the mandates of 75 Pa. C.S.A. §1551 must apply.

75 Pa. C.S.A. §1551 reads as follows:

"The Department shall promptly notify each person whose license or permit is suspended as a result of the accumulation of points. The notification that the license or permit is suspended shall by made within six (6) months following the conviction of a violation of this title that resulted in the addition of sufficient points to cause the suspension. Failure of the Department to give prompt notice of suspension as required by this section shall prohibit the Department from suspending the license or permit of such person."

Looking at the facts of this matter, we note that the notice to attend the Departmental hearing was sent to the Defendant within the six month mandate, having been sent within the last six days of the six month mandate. The Commonwealth contends that defendant's license was not suspended as a result of his accumulation of points. Instead, the Commonwealth insists that the suspension was a result of the Departmental hearing.

The Commonwealth further contends that to re-

quire it to act within six months is absurd. In support of its position, the Commonwealth cites Horner v. Com. Dept. of Transportation 59 Pa. Commw. 519, 430 A.2d 387 (1981). However, a close reading of this case reveals that our Commonwealth Court held that Section 1551 applies to notices of suspensions due to accumulated points. To hold otherwise would be to ignore Section 1538. Likewise, the Commonwealth Court in Com. Dept. of Transportation Bureau of Traffic v. Vail, 64 Pa. Commw. 243, 440 A.2d 651 (1982), the court noted that a delay of more than six months might be grounds for quashing the suspension.

The Commonwealth, in its brief, indicates that if the lower court agrees with defendant, it will place the Commonwealth in a position of being able to order persons to attend Departmental hearings, but leave them powerless to suspend license if the hearing examiner recommmends such a penalty. However, nothing could be further from the truth. Our holding today will only mean that the Commonwealth must order these Departmental hearings sooner. Our legislature, in mandating the six month time limit, addresses a serious problem of delay. All we are doing today is clarifying that the Commonwealth must act promptly.

Accordingly, for all the above reasons, we enter the following

## ORDER

And now, this December 16, 1982, after hearing testimony and reviewing briefs of respective counsel, the following is ordered and decreed:

(1). The appeal of defendant is hereby sustained.

(2). The order of the Department of Transporta-

tion suspending the defendant's driver's license is hereby set aside.

(3). The Department of Transportation is to immediately restore defendant's driving privileges.