506 Pa. 96 (1984)
484 A.2d 370
COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF TRAFFIC SAFETY, Appellee,
v.
Jack E. LEWIS, Appellant.
Supreme Court of Pennsylvania.
Submitted September 11, 1984.
Decided November 20, 1984.
*97 P. Louis DeRose, Scales, DeRose & Murray, Greensburg, for appellant.
Ward T. Williams, Chief Counsel, Harold Cramer, Asst. Counsel, Harrisburg, for appellee.
Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

*98 OPINION
NIX, Chief Justice.
Mr. Lewis, appellant, was cited for speeding on March 5, 1980 and was thereafter convicted of that offense on March 24, 1980. On July 21, 1980 three (3) points were assessed to appellant for this violation pursuant to section 1535(a) of the Vehicle Code ("Code"). See 75 Pa.C.S. § 1535(a).[1] This assessment caused appellant's accumulated point total to rise to seven (7) points. Thereafter a departmental hearing was held pursuant to section 1538(c) of the Code, after proper notice.[2] Following the hearing, appellant was notified by the Pennsylvania Department of Transportation ("Department"), by notice dated October 14, 1980, that his driver's license was to be suspended for a period of thirty (30) days.
Appellant appealed the decision of suspension to the Court of Common Pleas of Westmoreland County contending that the notice of suspension was not issued within six months of the date of conviction as required by section 1551 of the Code. See 75 Pa.C.S. § 1551. The Court of Common *99 Pleas sustained Mr. Lewis' appeal and vacated the order of license suspension issued by the Department. The Commonwealth appealed from the order of the Court of Common Pleas to the Commonwealth Court. The Commonwealth Court determined that section 1551 was not applicable and reversed the order of the Court of Common Pleas and reinstated the order of suspension issued by the Department. We granted review and now reverse the order of the Commonwealth Court for the reasons that follow.
The issue presented in this appeal is a very narrow one. We are called upon to determine whether section 1551 is applicable to license suspensions under section 1538(c). It is not disputed that the notice of suspension was not issued within six months of the date of the conviction. If section 1551 applies the suspension in this case would have been improper. Initially it is to be noted that there is no express language contained in section 1551 which would establish its inapplicability to this situation. Thus we must examine the validity of those arguments urged by instant appellee and accepted by the Commonwealth Court[3] to support the view that section 1551 was not applicable to suspensions pursuant to section 1538(c).
Section 1551 provides:
The department shall promptly notify each person whose license or permit is suspended as a result of the accumulation of points. The notification that the license or permit is suspended shall be made within six months following the conviction of a violation of this title that resulted in the addition of sufficient points to cause the suspension. Failure of the department to give prompt notice of suspension as required by this section shall prohibit the department from suspending the license or permit of such person.
75 Pa.C.S. § 1551.
The first sentence of this section would suggest its applicability to all suspensions resulting from an accumulation *100 of points. Although section 1538(c) invests a degree of discretion in the Department, the sine qua non for suspension under that provision is the accumulation of points over a specified number during a specified period. The language of section 1551 does not in any way suggest that its applicability should be limited to instances where the imposition of suspension is mandatory. Moreover, section 1551 is stated in mandatory language, e.g., "shall prohibit the Department from suspending the license . . .", as opposed to precatory language. See, e.g., Francis v. Corleto, 418 Pa. 417, 211 A.2d 503 (1965); Amalgamated Transit Union, Division 85 v. Port Authority of Allegheny County, 417 Pa. 299, 208 A.2d 271 (1965); Crane's Appeal; 344 Pa. 624, 26 A.2d 457 (1942); National Transit Co. v. Boardman, 328 Pa. 450, 197 A. 239 (1938).
The Commonwealth Court concluded that there would be an internal inconsistency in the Act if section 1551 was not interpreted as being inapplicable to suspensions under section 1538(c). That court reasoned that "[t]o construe the six-month notice provision of section 1551 as applicable to discretionary suspensions imposed under section 1538(c) would produce a result which is absurd and unreasonable."[4]Commonwealth, Dept. of Transportation, Bureau of Traffic Safety v. Lewis, 78 Pa.Commw. 29, 32, 466 A.2d 793, 795 (1983). The Commonwealth Court creates the "absurd and unreasonable" result by the strained interpretation it places upon Section 1535(c).
Section 1535(c) provides:
(c) No points after six months.  The department shall assign points to the record of any person within six *101 months from the date of a conviction. Any points assigned after such six-month period shall be null and void.
The Commonwealth Court has interpreted this section as providing the department the right to choose, during the six (6) month period following the date of conviction, when to assign the points. See Commonwealth, Department of Transportation, Bureau of Traffic Safety v. Lynch, 77 Pa.Commw. 185, 465 A.2d 710 (1983). Such an interpretation is at odds with the clear legislative scheme of the Code. Sections 1535(c), 1537[5] and 1551 all reflect an intention to carefully limit the period in which an operator is to be exposed to sanctions as a result of a violation under the Code. Both sections 1535(c) and 1551 provide for the date of conviction as being the operative event from which the six-month time period should run. Reading the sections together, the Department, if it is to assess points for the violation, must do so within six (6) months. If the assessment is to result in further action such as a suspension, then both the assessment and the notification of the suspension must be within that period. Had the legislature intended otherwise, it would have clearly expressed that direction by using the date of the assignment of points rather than the date of conviction in section 1551.
The Code sets forth in section 1535(a) a list of offenses and the number of points each of those offenses should be assigned. Section 1535(a) makes it mandatory that every licensed driver in the Commonwealth "who is convicted of [any of the enumerated offenses] shall be assessed points as of the date of violation in accordance" *102 with the schedule. Faulstick v. Commonwealth, 66 Pa. Commw. 529, 445 A.2d 554 (1982); Commonwealth, Dept. of Transportation v. Jaffee, 65 Pa.Commw. 594, 442 A.2d 1253 (1982); Shuman v. Commonwealth, 54 Pa.Commw. 30, 419 A.2d 810 (1980); Commonwealth, Department of Transportation, Bureau of Traffic Safety v. Sherwood, 51 Pa.Commw. 117, 414 A.2d 151 (1980); Commonwealth, Department of Transportation, Bureau of Traffic Safety v. Sheets, 49 Pa.Commw. 175, 410 A.2d 1295 (1980). It is to be noted that there is no discretion as to the assessment of these points once there is a conviction for one of the enumerated offenses. The assessment of the points is a ministerial act that flows from a conviction of one of the enumerated offenses. Thus once the conviction occurs the assignment of points is merely an administrative action that necessarily follows.
The argument that the element of discretion conferred in 1538(c) requires the acceptance of the Commonwealth Court's interpretation of section 1535(c) also fails under scrutiny. As indicated there is no discretion under 1538(c) involved in the assessment of points. Once the conviction occurs, the prescribed points must be assigned. See 75 Pa.C.S. § 1535(a). The discretion occurs after the conviction and the assignment of points as to the sanction to be imposed. To exercise this discretion there is no need to extend the period between the conviction and the assignment of points. We will not assume that the General Assembly intended a senseless result. 1 Pa.C.S. § 1922(1); Commonwealth v. Fisher, 485 Pa. 8, 400 A.2d 1284 (1979); Commonwealth v. Horton, 465 Pa. 213, 348 A.2d 728 (1975); Mayhugh v. Coon, 460 Pa. 128, 331 A.2d 452 (1975); Goodman v. Kennedy, 459 Pa. 313, 329 A.2d 224 (1974); Commonwealth v. Bartley, 411 Pa. 286, 191 A.2d 673 (1963); Appeal of Gagliardi, 401 Pa. 141, 163 A.2d 418 (1960).
The discretion provided for in section 1538(c) relates to whether the operating privileges should be suspended; it *103 does not relate to the mandated obligation to assign the prescribed number of points once there has been a conviction for the offense. To the extent that the suspension authorized under section 1538(c) is discretionary and not mandatory, it was intended to benefit an errant operator in circumstances where it can be shown that a suspension should not be imposed. So too, section 1551 was intended to protect the operator against tardy assessment of points. The position of appellee would have us read the Act as requiring one section intended to benefit the operator to cancel out another which also reflects the same intention. We believe the clear legislative intention was to afford the operator the benefit provided in both sections.
Moreover, we can perceive of no policy reason that would support appellee's contention that the General Assembly intended to provide the Department six months from the date of the conviction to perform the ministerial duty of assigning the points resulting from the infraction. To the contrary section 1538(c) and section 1551 were intended to relate to the same time frame, a period of six months from the date of the conviction. It is difficult to accept appellee's contention that such a time lag is justified considering the state of automation. The citation for speeding in this case was issued on March 5, 1980, and the conviction occurred on March 24, 1980. The assessment of three points was not made until July 21, 1980. This delay of four months was entirely unrelated to a judgmental decision but rather reflected administrative ineptness. Nevertheless, if there is legitimacy to this argument it should be addressed to the legislature. We will not ignore the clear provisions of the Act to force such a conclusion.
The order of the Commonwealth Court is reversed and the order of the Court of Common Pleas is reinstated.
PAPADAKOS, J., did not participate in the consideration or decision of this case.
NOTES
[1] Section 1535(a) reads in pertinent part:

A point system for driver education and control is hereby established which is related to other provisions for use, suspension and revocation of the operating privilege as specified under this title. Every driver licensed in this Commonwealth who is convicted of any of the following offenses shall be assessed points as of the date of violation in accordance with the following schedule:
.....
Section Number Offense Points
3362 Exceeding maximum speed  Over limit: 11-15(m/p/h)  3[points]
75 Pa.C.S. § 1535(a).
[2] Section 1538(c) provides:

When any person's record has been reduced below six points and for the third or subsequent time shows as many as six points, the department shall require the driver to attend a departmental hearing to determine whether the person's operating privilege should be suspended for a period not to exceed 30 days. Failure to attend the hearing or to comply with the requirements of the findings of the department shall result in the suspension of the operating privilege until the person has complied.
75 Pa.C.S. § 1538(c).
[3] A three-judge panel heard the matter in the Commonwealth Court and rendered their decision with one judge dissenting.
[4] The Commonwealth Court reasoned that the six-month notification provision of section 1551 only applied to suspensions which were mandatory under section 1539, 75 Pa.C.S. § 1539, and did not relate to discretionary suspensions following departmental hearings under section 1538. The basis for this conclusion was the Commonwealth Court's belief that section 1535(c) conferred a right in the department to have up to six months from the date of a conviction to assign the points.
[5] Section 1537 provides:

(a) General rule.  Points recorded against any person shall be removed at the rate of three points for each 12 consecutive months in which such person has not committed any violation which results in the assignment of points or in suspension or revocation under this chapter. Removal of points is governed by the date of violation.
(b) Subsequent accumulation of points.When a driver's record is reduced to zero points and is maintained at zero points for 12 consecutive months, any accumulation of points thereafter shall be regarded as an initial accumulation of points.
75 Pa.C.S. § 1537.