## Pa. Department of Transportation v. Freed

*J. Matthew Wolfe,* for the Commonwealth.
*Alan H. Paikin,* for defendant.

DIGGINS, *Sr.J.*, April 4, 1985—We recognize that this court cannot substitute its judgment to modify a penalty assessed against a licensed driver, but the facts in this case render that concept moot.

The facts of this matter are not in dispute and can best be summarized as follows:

1. In July, 1982, defendant was convicted of failure to stop for a red light (three points).

2. In May, 1983, defendant was convicted of speeding in a school zone (three points).

3. Defendant then took and passed a speeding examination, reducing his record to four points.

4. In September, 1983, defendant committed a speeding violation, resulting in an additional four points being assigned to his record.

5. On June 12, 1984, the Commonwealth suspended defendant's license for 15 days.

6. The 15-day suspension was the recommendation of the hearing examiner.

Defendant contends that the hearing examiner abused his discretion by imposing the most severe penalty allowable. The Commonwealth correctly points out that our appellate courts have held that we may not substitute our discretion for that of the hearing examiner. See Commonwealth of Pennsylvania v. Moozerman, 385 Pa. 265, 122 A.2d 804 (1956), and Commonwealth of Pennsylvania v. Garman, 361 Pa. 643, 66 A.2d 271 (1949).

However, we have an additional problem in this case. Defendant was convicted in September, but his license was not suspended until the following June. Recently our Supreme Court in Com. Dept. of Transp., etc. v. Lewis, 506 Pa. 96, 484 A.2d 370, (1984), held that, "Both sections 1535 (c) and 1551 provide for the date of conviction as being the operative event from which the six-month time period should run." Reading the sections together, the de-

partment, if it is to assess points for the violation, must do so within six months. If the assessment is to result in further action, such as suspension, then both the assessment and the notification of the suspension must be within that period.

Since the Commonwealth did not act within the six months as mandated by the Vehicle Code, we are left with no alternative but to sustain the appeal.

For all of the above reasons, we enter the following

## ORDER

And now, this April 4, 1985, after hearing testimony and reviewing briefs of respective counsel, the following is ordered and decreed:

1. The appeal is hereby sustained.