511 A.2d 289

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* David Golden, Appellee.

Submitted on briefs April 7, 1986, to Judges MAC-PHAIL and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Stephen F. J. Martin,* Assistant Counsel, with him, *Harold H. Cramer,* Assistant Counsel, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellant.

*Abraham J. Golden,* for appellee.

OPINION BY JUDGE PALLADINO, July 7, 1986:

The Department of Transportation (DOT) appeals from an order of the Court of Common Pleas of Philadelphia (trial court) which sustained the appeal of Appellee, David Golden, from a twenty-day extension of the suspension of his driver's license. We reverse.

The facts are as follows. On November 1, 1982, Appellee was cited for speeding, a violation of 75 Pa. C. S. §3362. On February 14, 1983, DOT mailed him a notice of suspension of operating privileges for failure to

respond to the citation, and the suspension became effective March 7, 1983. Before the suspension was imposed, Appellee was cited for two other violations, on December 7, 1982 (violation of 75 Pa. C. S. §3362 —speeding), and January 15, 1983 (violation of 75 Pa. C. S. §3112—traffic control signals). Appellee was convicted of both offenses, and points were assigned to his record during the time his license was suspended.

Pursuant to Section 1544 of the Vehicle Code, 75 Pa. C. S. §1544, DOT is required to extend an existing suspension at the rate of five days for each point assigned during the existing suspension. Appellee's conviction under Section 3362 resulted in the assignment of four points and, therefore, an extension of the suspension by twenty days. The conviction under Section 3112 resulted in the assignment of three points and an extension of fifteen days. DOT mailed official notices for both extensions to Appellee, who appealed to the trial court from the twenty-day extension only.[1] Appellee argued that he had not received notice of the underlying suspension and, therefore, the twenty-day extension was invalid. The trial court reversed the twenty-day extension for this reason.

DOT has appealed, arguing that lack of notice of the original suspension has no effect on the validity of a point-based extension. We agree. This case is squarely controlled by *Department of Transportation, Bureau of Traffic Safety v. Gibboney,* 51 Pa. Commonwealth Ct. 221, 414 A.2d 408 (1980), wherein we held that lack of notice of the original suspension is not relevant to the validity of a point-based extension of the suspension imposed under Section 1544. Because no other basis was

---

[1] Although DOT in its statement of facts asserts that Appellee also appealed from the fifteen-day extension, the record before the trial judge shows that Appellee only appealed from the twenty-day extension. N.T.3.

presented for the trial court's reversal of the twenty-day suspension, we reverse the order of the trial court and reinstate the twenty-day extension.

ORDER

AND NOW, July 7, 1986, the order of the Court of Common Pleas of Philadelphia at No. 3407 September 1983, dated February 1, 1984, is reversed. The Department of Transportation's twenty-day suspension of the driver's license of Appellee, David Golden, is hereby reinstated.