538 A.2d 641

Commonwealth of Pennsylvania, Department of Transportation, Appellant *v.* Thomas Michael McCoy, Appellee.

Submitted on briefs December 18, 1987, to Judges DOYLE, PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Harold H. Cramer,* Assistant Counsel, with him, *Martin. Burman,* Assistant Counsel, *Spencer A. Manthorpe,* Assistant Chief Counsel, *John L. Heaton,* Chief Counsel, and *Henry G. Barr,* General Counsel, for appellant.

*Catherine A. Peterson, Greitzer and Locks,* for appellee.

OPINION BY SENIOR JUDGE KALISH, March 2, 1988:

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (DOT), appeals from an order of the Court of Common Pleas of Philadelphia County which sustained the appeal of Thomas Michael McCoy (appellee) from the suspension of his operating privileges, for driving without a license. We reverse and reinstate the suspension of appellee's operating privileges.

Appellee was convicted on July 3, 1985, of violating section 1501(a) of the Vehicle Code (Code), 75 Pa. C. S. §1501(a), driving without a license. On February 18, 1986, more than seven months after conviction, appellee received notice from DOT that his license was suspended.

The trial court rescinded the order of DOT, holding that DOT's notification was untimely, relying on *Department of Transportation, Bureau of Traffic Safety v. Lewis,* 506 Pa. 96, 484 A.2d 370 (1984). This reliance was misplaced. *Lewis* dealt with the accumulation of points and provided that suspension shall be made within six months following conviction and that failure to give such notice shall prohibit suspension, pursuant to section 1551 of the Code, 75 Pa. C. S. §1551 (notice of suspension as a result of the accumulation of points).

Here, on the other hand, appellee is not faced with a suspension due to points accumulation. Section 1501 of the Code provides that a driver must have a license to drive a motor vehicle, and section 1532(b)(2) of the Code provides that DOT shall suspend the operating privileges of any driver upon receiving a certified record of a driver's conviction under section 1501(a) of the Code. Section 1532 of the Code is distinguished from

section 1551 in that it does not contain notice requirements as does section 1551. *Horner v. Department of Transportation,* 59 Pa. Commonwealth Ct. 519, 430 A.2d 387 (1981).

Accordingly, we reverse. The suspension of appellee's operating privileges is reinstated.

ORDER

Now, March 2, 1988, the order of the Court of Common Pleas of Philadelphia County, in No. 3794, March Term, 1986, dated August 13, 1986, is reversed. The suspension of appellee's operating privileges is reinstated.