568 A.2d 945

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING,**

v.

**Jonathan R. SLOTT, Appellant.**

Supreme Court of Pennsylvania.

Argued Oct. 27, 1989.

Decided Jan. 17, 1990.

Scott F. Breidenbach, Pottstown, for appellant.

Christopher J. Clements, Asst. Counsel, Harold H. Cramer, Harrisburg, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA and PAPADAKOS, JJ.

## ORDER

PER CURIAM:

Order of Commonwealth Court reversed. *See Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety v. Lewis,* 506 Pa. 96, 484 A.2d 370 (1984).

NIX, C.J., files a dissenting opinion in which PAPADAKOS, J., joins.

NIX, Chief Justice, dissenting.

This case is not controlled by *Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety v. Lewis,* 506 Pa. 96, 484 A.2d 370 (1984), which held 75 Pa.C.S. § 1551 [1] applies to discretionary, as well as mandatory license suspensions. The suspension in *Lewis* was issued pursuant to 75 Pa.C.S. § 1538(c) [2] which provides

1. **§ 1551. Notice of department action**
   The department shall promptly notify each person whose license or permit is suspended as a result of the accumulation of points. The notification that the license or permit is suspended shall be made within six months following the conviction of a violation of this title that resulted in the addition of sufficient points to cause the suspension. Failure of the department to give prompt notice of suspension as required by this section shall prohibit the department from suspending the license or permit of such person.

2. **§ 1538(c) Subsequent accumulations of six points.**
   When any person's record has been reduced below six points and for the third or subsequent time shows as many as six points, the

for a departmental hearing to determine whether or not a person's operating privilege should be suspended for not more than thirty days.

The issues in this case (whether a violation of the notice requirement of section 1551 a) constitutes a jurisdictional defect rendering the suspension order void, b) is a breakdown in court operation so as to allow an appeal out of time in spite of prior acquiescence in the suspension order or c) is a waivable affirmative defense), were not involved in *Lewis*. In that case an appeal from the suspension contending failure to comply with statutory notice requirements was timely filed. There was no timely filing of appeal from the 1978 and 1983 suspensions of Mr. Slott. Moreover, the *Lewis* case did not involve acceptance of the suspension with a subsequent independent attack made many years later as is the case here.

The Department of Transportation's failure to comply with section 1551 is an affirmative defense that can be waived. Mr. Slott waived the defense when he accepted the suspensions in 1978 and 1983 without complaint. Additionally, the Department of Transportation's failure to give notice of suspension within six months of conviction, is not the kind of administrative error which supports the allowance of an appeal *nunc pro tunc*. It is merely an error not connected with the time lapse between the date of entry of the order appealed from and the date of filing of the appeal. If this error is deemed sufficient to support the allowance of appeal *nunc pro tunc*, there is no need for any time limitations in the filing of appeals since all appeals contain allegations of error.

> department shall require the driver to attend a departmental hearing to determine whether the person's operating privilege should be suspended for a period not to exceed 30 days. Failure to attend the hearing or to comply with the requirements of the findings of the department shall result in the suspension of the operating privilege until the person has complied.

More importantly, the section prohibiting suspension when there is failure to comply with the notice provision does not contain the "null and void" jurisdictional language of section 1535(c) which provides: "(c) No points after six months.—The department shall assign points to the record of any person within six months from the date of a conviction. Any points assigned after such six-month period shall be *null and void.*" (Emphasis added.) Had the legislature intended to deprive the Department of Transportation of jurisdiction in section 1551, it would have made that clear by use of the language employed in section 1535(c). Thus, the reversal is erroneous.

In sum, *Lewis* did not even tangentially address the legal issues posed by the *Slott* factual situation and for which the Petition for Allowance of Appeal was granted. Further, the majority has not explained, neither explicitly nor implicitly, its reversal of *Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing v. Slott,* 115 Pa.Commw. 241, 539 A.2d 943 (1988). Indubitably, the failure to explain and the inappropriate cite to *Lewis* generate confusion which will be widespread and leave unanswered a serious legal matter affecting the entire vehicle operating public of this Commonwealth. As the writer of *Lewis,* I profoundly regret the misleading appearance of reliance upon that case and dissent from the *per curiam* summary reversal.

PAPADAKOS, J., joins in this opinion.