Matthew S. LIERO

v.

COMMONWEALTH of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant.

Jarrett Carl Scott

v.

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 19, 2003.

Decided March 9, 2004.

Terrance M. Edwards and Timothy P. Wile, Asst. Counsel In–Charge, Harrisburg, for appellant.

Anthony J. Martino, Bangor, for appellees.

BEFORE: COLINS, President Judge, and McGINLEY, J., and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (DOT) appeals from an order of the Court of Common Pleas of Northampton County (trial court) which sustained the consolidated license suspension appeals of Matthew S. Liero (Liero) and Jarrett Carl Scott (Scott) from suspensions of their operating privileges. We affirm and remand for the reasons set forth below.

DOT suspended the driving privileges of both Liero and Scott for one year after they were convicted of Driving While In-

toxicated (DWI) in New Jersey. Liero and Scott appealed their suspensions to the trial court and, pursuant to the automatic supersedeas granted to them under Section 1550(b)(1)(i) of the Vehicle Code, neither suspension went into effect while the suspensions were on appeal.[1] The trial court dismissed their appeals and, on appeal to this Court, we affirmed the trial court. Thereafter, Liero and Scott filed consolidated petitions for allowance of appeal to the Supreme Court of Pennsylvania. The Supreme Court granted the petitions for allowance of appeal and, on February 20, 2002, affirmed the decisions of this Court. *See Scott v. Department of Transportation, Bureau of Driver Licensing,* 567 Pa. 631, 790 A.2d 291 (Pa.2002).

■ While their appeals were pending, both Liero and Scott received several more citations for violations of the Vehicle Code. In March of 2002, after the Supreme Court issued its decision upholding Liero's and Scott's one-year suspensions for their New Jersey DWI convictions, DOT imposed the add-on suspensions which are the subject of this appeal pursuant to Section 1544 of the Vehicle Code, which provides that:

(a) **Additional point accumulation.—** When any person's record shows an accumulation of additional points during a period of suspension or revocation, the department shall extend the existing period of suspension or revocation at the rate of five days for each additional point and the person shall be so notified in writing.

75 Pa.C.S. § 1544(a). Both Liero and Scott appealed these add-on suspensions to the trial court which, by order dated May 21, 2003, stated that:

The method for determining when a suspension starts is directly addressed elsewhere in the Vehicle Code. Section 1541 states that a suspension shall commence "as provided for in section 1540." 75 Pa.C.S.A. § 1541. Section 1540(b)(3) states that "the suspension ... shall be effective upon the earlier of: (i) a date determined by the department; or (ii) the date of filing or mailing of the license ..." 75 Pa.C.S.A. § 1540(b)(3). Therefore, unless the Commonwealth determines that the suspension started at some point prior to the accumulation of these points, or the Petitioners mailed their licenses to the Commonwealth, they could not have been under suspension when the points were accumulated. There is nothing in the record that indicates that either of these conditions have occurred. Therefore, the imposition of the 'add-on' suspensions is improper.

(trial court's 5/21/2003 order, pp. 3–4). Accordingly, the trial court granted Liero's and Scott's license suspension appeals. DOT's consolidated appeals to this Court followed.[2]

■ On appeal, DOT argues that the trial court erred in ruling that the points assigned to Liero's and Scott's driving records were not assigned during a period of suspension. In its brief, DOT asserts that "[a]ccepting the trial court's rationale would amount to *rewarding* continued bad

---

1. Section 1550(b)(1)(i) provides that: "Except as provided in subparagraphs (ii) and (iii), filing and service of a petition for appeal from a suspension or revocation shall operate as a supersedeas until final determination of the matter by the court vested with the jurisdiction of such appeals." 75 Pa.C.S. § 1550(b)(1)(i).

2. Our scope of review is limited to determining whether the trial court's findings are supported by competent evidence, whether errors of law have been committed, or whether the trial court's determinations demonstrate a manifest abuse of discretion. *Mazza v. Department of Transportation, Bureau of Driver Licensing,* 692 A.2d 251 (Pa.Cmwlth.1997).

conduct ... Such a result is antithetical to the whole concept of the remedial nature of the point system. Moreover, it amounts to a very strict construction of 75 Pa.C.S. § 1544(a), rather than a liberal construction that is intended to effect the beneficial purposes of the point system." (DOT's brief, p. 22; emphasis in original). DOT further argues that allowing a licensee to avoid add-on suspensions through the simple expedient filing of an unmeritorious appeal would lead to an absurd result. However, DOT requests that, in the event this Court agrees that Liero and Scott should not be subject to add-on suspensions, the order of the trial court should not merely be affirmed. Rather, DOT request that we remand this case to it for the purpose of allowing DOT to assign the accumulated points to their driving records in accordance with 75 Pa.C.S. § 1535 and impose the required punishment without regard to any other underlying suspension. DOT contends that to do otherwise would give Liero and Scott a "windfall" and allow them to escape any punishment for their violations of the Vehicle Code.

Section 1544 of the Vehicle Code punishes a licensee by extending a suspension when that licensee accumulates additional points during a suspension. More simply stated, Section 1544 punishes a person for driving when he should not be driving. In this case, both Liero and Scott were allowed to be driving when they committed the additional violations of the Vehicle Code that are the subject of this appeal because their suspensions had been stayed pending appeal. Therefore, when DOT assessed Liero and Scott points for these violations, they were not accumulated "during a period of suspension." Thus, the imposition of an add-on suspension pursuant to Section 1544 would be improper. Accordingly, the trial court did not err by granting Liero's and Scott's license suspension appeals.

However, we also agree with DOT that Liero and Scott must not be allowed to escape punishment for their violations of the Vehicle Code. In their brief, Liero and Scott do not directly address DOT's argument in this regard. However, they do state that DOT "is required to assign points to one's record within six months of conviction ... if the points were not assessed until the merits of the underlying appeals were litigated and the stay of suspension lifted, then the assignment of points would have occurred outside of the six month time frame set forth by [Section 1535(c)] of the Vehicle Code." (Liero's and Scott's brief, p. 6.)

Section 1535(c) of the Vehicle Code provides that:

(c) **No points after six months.**—The department shall assign points to the record of any person within six months from the date of a conviction. Any points assigned after such six-month period shall be null and void.

75 Pa.C.S. § 1535(c). Furthermore, Section 1551 of the Vehicle Code provides that:

The department shall promptly mail a notice to each person whose license is suspended as a result of the accumulation of points under section 1539 (relating to suspension of operating privilege on accumulation of points). The notice shall be mailed to the address of record within six months following the conviction of a violation of this title that resulted in the addition of sufficient points to cause the suspension. Failure of the department to mail notice of suspension as required by this section shall prohibit the department from suspending the license of such person. This section shall not apply to any suspension which would have been imposed as the result of points which have been assigned to a

person's record after the person has filed an appeal under section 1550 (relating to judicial review) until the appeal has been finally determined and for six months after the department is notified of the determination. *This section shall not apply to a suspension imposed as the result of the determination of the appeal, whether it be the reimposition of the suspension originally ordered or the imposition of a different suspension required because the department must recalculate the record due to a court order.*

75 Pa.C.S. § 1551 (emphasis added). "Both sections 1535(c) and 1551 provide for the date of conviction as being the operative event from which the six-month time period should run. Reading the sections together, the Department, if it is to assess points for the violation, must do so within six (6) months. If the assessment is to result in further action such as a suspension, then both the assessment and the notification of the suspension must be within that period." *Department of Transportation, Bureau of Traffic Safety v. Lewis,* 506 Pa. 96, 101, 484 A.2d 370, 373 (1984).

Accordingly, this case is also remanded to the trial court, for further remand to DOT, to allow DOT to take appropriate action based on Liero's and Scott's accumulated points without regard to their one year suspensions for DWI in New Jersey, which were not in effect at the time the violations that are the subject of this appeal occurred. Pursuant to Section 1535(c), these points must have been assigned within six months of the date of their convictions for those offenses or they "shall be null and void." However, we note that, pursuant to Section 1551, it does not matter that DOT sent the suspension notices that are the subject of this appeal to Liero and Scott more than six months after their convictions, as the suspensions

for their New Jersey DWIs were on appeal.

Accordingly, the order of the trial court is affirmed and this case is remanded for the reasons set forth above.

### *ORDER*

AND NOW, March 9, 2004, the order of the Court of Common Pleas of Northampton County dated May 21, 2003 is hereby AFFIRMED and this case is REMANDED to the trial court for further remand to the Department of Transportation for the reasons set forth in the foregoing opinion.